**No. 2023-2374**

# United States Court of Appeals for the Federal Circuit

**ACORDA THERAPEUTICS, INC.,**
*Petitioner-Appellant*
v.
**ALKERMES PLC,**
*Respondent-Appellee*

Appeal from the District Court for the Southern District of New York in 1:23-cv-00223-NRB, Judge Naomi Reice Buchwald

## Appellant's Reply Brief

Garrard R. Beeney
beeneyg@sullcrom.com
Stephen J. Elliott
elliotts@sullcrom.com
Morgan R. Knudtsen
knudtsenm@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
brunsb@sullcrom.com
SULLIVAN & CROMWELL LLP
1700 New York Ave. N.W. Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

July 3, 2024

## CERTIFICATE OF INTEREST

Counsel for Appellant Acorda Therapeutics, Inc. certifies:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

   Acorda Therapeutics, Inc.

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

   None.

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. Fed. Cir. 47.4(a)(3).

   None.

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47(a)(4).

   John Samuel Gibson (DLA Piper LLP US) (appeared in the District Court)
   Michael A. Sitzman (DLA Piper LLP US) (appeared in the District Court)
   James Evan Berger (DLA Piper LLP US) (appeared in the District Court)
   Joshua Shu Wan (DLA Piper LLP US) (appeared in the District Court)
   Tracy Block (DLA Piper LLP US) (appeared in the District Court)

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

   In re Acorda Therapeutics, Inc., No. 24-22284-DSJ (United States Bankruptcy Court for the Southern District of New York)

In re Acorda Therapeutics Limited, No. 24-22288-DSJ (United States Bankruptcy Court for the Southern District of New York)

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None.

Dated: New York, New York
July 3, 2024

*/s/ Garrard R. Beeney*
Garrard R. Beeney
Stephen J. Elliott
Morgan R. Knudtsen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
SULLIVAN & CROMWELL LLP
1700 New York Avenue N.W. Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

# TABLE OF CONTENTS

**Page**


Introduction ........ 1

Argument ........ 3

I. This Court Has Jurisdiction. ........ 3

A. This Case Presents Substantial Questions of Patent Law. ........ 3

B. Both Substantial Questions of Patent Law Are Necessarily Raised in This Case. ........ 10

II. Courts May Modify Arbitration Decisions Under the Manifest Disregard Doctrine ........ 11

III. The Tribunal Manifestly Disregarded the Law. ........ 13

A. Clear Law Required the Tribunal to Award Full Restitution of Post-Expiration Royalties. ........ 13

1. Under the Federal Law Decided in *Brulotte* and *Kimble* a Patent Owner Is Not Permitted to Derive Any Benefit from an Expired Patent. ........ 13

2. The Cases Cited by Alkermes Do Not Diminish the Clarity of *Brulotte* and *Kimble*. ........ 16

3. Cases Denying Restitution of Royalties Paid for Invalid Patents Do Not Undermine *Brulotte* and *Kimble*. ........ 18

B. The Tribunal Manifestly Disregarded Clear Law by Applying the NYVPD to Limit Restitution. ........ 20

C. Acorda Has Met the Standard for Manifest Disregard. ........ 22

IV. Acorda Did Not Forfeit Its Preemption Argument. ........ 25

V. Even if Acorda's Preemption Argument Were Forfeited, This Court Has Discretion to Overlook That Forfeiture. ........ 27

Conclusion ........ 28

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ariad Pharms., Inc.* v. *Eli Lilly & Co.*,
598 F.3d 1336 (Fed. Cir. 2010) (en banc) ....................................................16

*Bayer CropScience AG* v. *Dow AgroSciences LLC*,
680 F. App'x 985 (2017) (non-precedential)..........................................6, 7, 28

*Boggild* v. *Kenner Products, Division of CPG Products Corp.*,
853 F.2d 465 (6th Cir. 1988) ..........................................................................4

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
489 U.S. 141 (1989).........................................................................................9

*Brulotte* v. *Thys Co.*,
379 U.S. 29 (1964)....................................................................................*passim*

*Centurion* v. *Holder*,
755 F.3d 115 (2d Cir. 2014) ..........................................................................11

*Christianson* v. *Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)....................................................................................3, 10

*County Materials Corp.* v. *Allan Block Corp.*,
502 F.3d 730 (7th Cir. 2007) ..........................................................................4

*CTS Corp.* v. *Waldburger*,
573 U.S. 1 (2014)...........................................................................................21

*DiRussa* v. *Dean Witter Reynolds Inc.*,
121 F.3d 818 (2d Cir. 1997) ..........................................................................11

*Duferco International Steel Trading* v. *T. Klaveness Shipping A/S*,
333 F.3d 383 (2d Cir. 2003) ...................................................................22, 23

*In re Electro-Mech. Indus.*,
359 F. App'x 160 (Fed. Cir. 2009) (non-precedential) .......................................6

*Flex-Foot, Inc.* v. *CRP, Inc.*,
238 F.3d 1362 (Fed. Cir. 2001) ......................................................................7

*Freier* v. *Westinghouse Elec. Corp.*,
303 F.3d 176 (2d Cir. 2002) ....................................................................21

*Hall Street Associates, L.L.C.* v. *Mattel, Inc.*,
552 U.S. 576 (2008)................................................................................11

*Halligan* v. *Piper Jaffray, Inc.*,
148 F.3d 197 (2d Cir. 1998) ....................................................................11

*Harding* v. *U.S. Naval Acad.*,
567 F. App'x 920 (Fed. Cir. 2014) (non-precedential) ..................................28

*Harris Corp.* v. *Ericsson Inc.*,
417 F.3d 1241 (Fed. Cir. 2005) ................................................................27

*Hull* v. *Brunswick Corp.*,
704 F.2d 1195 (10th Cir. 1983) ..................................................................5

*Ins. Co. of the W.* v. *United States*,
243 F.3d 1367 (Fed. Cir. 2001) ................................................................16

*Johnson* v. *Ry. Express Agency, Inc.*,
421 U.S. 454 (1975)................................................................................21

*Kaufman Malchman & Kirby, P.C.* v. *Hasbro, Inc.*,
897 F. Supp. 719 (S.D.N.Y. 1995) ..............................................................5

*Kimble* v. *Marvel Ent., LLC*,
576 U.S. 446 (2015)........................................................................*passim*

*Looney* v. *Black*,
702 F.3d 701 (2d Cir. 2012) ....................................................................27

*Lurie* v. *Wittner*,
228 F.3d 113 (2d Cir. 2000) ....................................................................15

*Medtronic, Inc.* v. *Teleflex Innovations S.À.R.L.*,
68 F.4th 1298 (Fed. Cir. 2023) ...........................................................26, 27

*Meehan* v. *PPG Indus., Inc.*,
802 F.2d 881 (7th Cir. 1986) ......................................................................5

*Miller* v. *Gammie*,
335 F.3d 889 (9th Cir. 2003) ........................................................................15

*Natec, Inc.* v. *Deter Co.*,
28 F.3d 28 (5th Cir.1994) ............................................................................6

*New York Tel. Co.* v. *Workers of Am. Loc. 1100, AFL-CIO Dist. One*,
256 F.3d 89 (2d Cir. 2001) ..........................................................................11

*Nicholas* v. *Goord*,
430 F.3d 652 (2d Cir. 2005) ........................................................................11

*Oneida Cnty., N.Y.* v. *Oneida Indian Nation of N.Y. State*,
470 U.S. 226 (1985).......................................................................................21

*Pitney Bowes, Inc.* v. *Mestre*,
701 F.2d 1365 (11th Cir. 1983) ......................................................................5

*Park Plaza Hotel* v. *Loc. 217, Hotel & Rest. Workers' & Bartenders Union*,
1990 WL 178880 (D. Conn. Aug. 21, 1990).................................................23

*Scheiber* v. *Dolby Lab'ys, Inc.*,
293 F.3d 1014 (7th Cir. 2002) ........................................................................5

*Schwartz* v. *Merrill Lynch & Co.*,
665 F.3d 444 (2d Cir. 2011) ........................................................................12

*Scott Paper Co.* v. *Marcalus Mfg. Co.*,
326 U.S. 249 (1945).......................................................................4, 9, 10

*Seminole Tribe of Florida* v. *Florida*,
517 U.S. 44 (1996).........................................................................................15

*St. Regis Paper Co.* v. *Royal Indus.*,
552 F.2d 309 (9th Cir. 1977) ........................................................................19

*Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*,
559 U.S. 662 (2010)...................................................................................11, 13

*T.Co Metals, LLC* v. *Dempsey Pipe & Supply, Inc.*,
592 F.3d 329 (2d. Cir. 2010) ..........................................................................7

*Tessera, Inc.* v. *Toshiba Corp.*,
No. 15-CV-02543-BLF, 2019 WL 5395158 (N.D. Cal. Oct. 22, 2019) ....17

*Trolex Mfg. Co.* v. *Schwinn Bicycle Co.*
465 F.2d 1253 (6th Cir. 1972) ....18

*Troy* v. *Samson Mfg. Corp.*,
758 F.3d 1322 (Fed. Cir. 2014) ....15

*U.S. Water Servs., Inc.* v. *ChemTreat, Inc.*,
794 F.3d 966 (8th Cir. 2015) ....10

*United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*,
484 U.S. 29 (1987) ....23

*Vermont* v. *MPHJ Tech. Invs., LLC*,
803 F.3d 635 (Fed. Cir. 2015) ....6

*Wawrzynski* v. *H. J. Heinz Co.*,
728 F.3d 1374 (Fed. Cir. 2013) ....4

*Weiss* v. *Sallie Mae, Inc.*,
939 F.3d 105 (2d Cir. 2019) ....12

*Yusuf Ahmed Alghanim & Sons* v. *Toys "R" Us, Inc.*,
126 F.3d 15 (2d Cir. 1997) ....11

*Zila, Inc.* v. *Tinnell*,
502 F.3d 1014 (9th Cir. 2007) ....16, 17

**Statutes**

9 U.S.C. § 10 ....12

9 U.S.C. § 11 ....12

Fla. Stat. § 725.04 ....9

**INTRODUCTION**

Acorda respectfully asks the Court to modify the Tribunal's award to provide a complete remedy for Alkermes's uncontested violation of *Brulotte* v. *Thys Co.*, 379 U.S. 29 (1964). The Tribunal found, and Alkermes has not challenged, that (i) Alkermes's "leveraging its patent to illegally obtain royalties beyond the life of the '938 Patent" was "precisely the conduct that was outlawed under *Brulotte,*" Appx42; and (ii) Acorda was owed a refund for royalties paid post-patent expiration—findings Alkermes has not challenged. The Tribunal, however, manifestly disregarded that law by applying state law to allow Alkermes to retain $65,629,716 in illegal royalties. In doing so, the Tribunal ignored the patent law's "categorical principle that all patents, and all benefits from them, must end when their terms expire." *Kimble* v. *Marvel Ent., LLC*, 576 U.S. 446, 463 (2015).

Alkermes's arguments in defense of its illegal gains fail. Significantly, Alkermes never challenged the Tribunal's determinations that: (i) the license and supply agreements are unenforceable post-patent expiration as a matter of federal law; (ii) the collection of post-expiration royalties is illegal; and (iii) the remedy for Alkermes's illegal collection of royalties is a refund to Acorda. As a result, those issues are determined, and the question here is whether state law may be used to allow retention of royalties collected in violation of federal patent law.

Alkermes first argues that the Second Circuit must decide the important patent law issue of whether New York state law can override the patent law principles of *Brulotte* and *Kimble*. This Court, however, has exclusive jurisdiction to decide the substantial questions of patent law presented here.

Alkermes next argues that the manifest disregard standard does not permit modification of arbitral awards, despite controlling Second Circuit case law to the contrary. Alkermes also argues that the Tribunal did not manifestly disregard clear law. The Tribunal, however, determined that a refund of post-expiration royalties was required, recognizing that patent law prohibits a patentee from benefitting from an expired patent. But the Tribunal then ignored that clear law and cited state law to allow Alkermes to retain illegally collected royalties.

Alkermes further argues that Acorda's position—that the state law used to frustrate clear federal patent law is preempted—is "indefensible," when, in fact, Acorda's position has been repeatedly confirmed by the Supreme Court.

Finally, Alkermes argues that Acorda forfeited its preemption argument, despite Acorda having raised the argument to the Tribunal and despite the Tribunal barring Acorda from further presenting the argument. There was no forfeiture.

For the reasons provided herein and in Acorda's opening brief, Acorda respectfully asks this Court to modify the arbitral award to provide full recovery of all post-expiration royalties.

## ARGUMENT

### I. This Court Has Jurisdiction.

This Court's jurisdiction attaches when, as here, the "right to relief necessarily depends on resolution of a substantial question of federal patent law." *Christianson* v. *Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). Acorda's right to relief depends on two substantial questions of patent law which are "necessary element[s] of one of the well-pleaded claims," *id.*: *first*, whether the owner of an expired patent may continue to profit from that patent post-expiration and *second*, whether federal patent law forbidding such post-expiration royalties preempts contrary state law.

#### A. This Case Presents Substantial Questions of Patent Law.

Alkermes claims that the parties' dispute is merely contractual, Alkermes Br. 24, despite the relevant contracts being deemed unenforceable pursuant to *patent law* for the payment period at issue. Appx48 ("*Brulotte* requires" declaring the contracts unenforceable.); *Kimble*, 576 U.S. at 462 (2015) ("*Brulotte* is a patent ... case."). The contracts ceased to bind the parties at the moment of the patent's expiration. *Kimble*, 576 U.S. at 451 ("[W]hen the patent expires, the patentee's prerogatives expire too[.]"). Patent law, rather than unenforceable

contracts, controls the remedy for Alkermes's illegal royalty collection. Alkermes effectively asks this Court to follow the dissent in *Kimble*, which would have found that *Brulotte* was a misdecided issue of contract law. *Id.* at 465-66 (Alito, J., dissenting). The *Kimble* majority, however, held that *patent law* limits the temporal and other bounds of the patent monopoly and "[a]llowing even a single company to restrict its use of an expired … patent ... would 'impermissibly undermine the patent laws.'" *Id.* at 452 (majority) (quoting *Scott Paper Co.* v. *Marcalus Mfg. Co.*, 362 U.S. 249, 237-238 (1945)). *Brulotte* applied patent law and, as the Tribunal explained, "the heart of this dispute is *Brulotte*." Appx268.

The three cases Alkermes cites in support of its proposition that the Court lacks jurisdiction over contract disputes are both irrelevant and outdated. Alkermes Br. 24. In *County Materials Corp.* v. *Allan Block Corp.*, 502 F.3d 730 (7th Cir. 2007), and *Boggild* v. *Kenner Prods., Division of CPG Prods. Corp.*, 853 F.2d 465 (6th Cir. 1988), plaintiffs sought to enforce patent licenses and defendants raised *Brulotte* as a defense (*County Materials*) or counterclaim (*Boggild*) to demands for payment of post-expiration royalties. Notably, both cases were decided before this Court's jurisdiction was expanded in 2012 to encompass cases raising substantial questions of patent law in counterclaims. Prior to 2012, this Court would not have had jurisdiction over the patent issues raised in *County Materials* and *Boggild*. *See Wawrzynski* v. *H.J. Heinz Co.*, 728 F.3d 1374, 1375 (Fed. Cir. 2013)

(For complaints filed prior to the 2012 amendment of 35 U.S.C. § 1295, the Court's "subject matter jurisdiction over patent disputes derives solely from the complaint, not from any counterclaim.").

The third case fails for the same reason, as it relies on *Boggild*. *Kaufman Malchman & Kirby, P.C.* v. *Hasbro, Inc.*, 897 F. Supp. 719, 721 (S.D.N.Y. 1995). Further, in *Kaufman*, the patent issue was "merely implicated incidentally" in a claim for attorneys' fees arising out of a shareholder derivative action. *Id.* at 721.

Alkermes's assertion that the regional circuits routinely address *Brulotte* violations is similarly outdated. The cases Alkermes cites in a footnote, Alkermes Br. 25 n.4, raised *Brulotte* as counterclaims, defenses, or declaratory judgment claims treated as counterclaims prior to the 2012 expansion of this Court's jurisdiction to encompass claims such as those raised here. *See Scheiber* v. *Dolby Lab'ys, Inc.*, 293 F.3d 1014 (7th Cir. 2002) (defense); *Meehan* v. *PPG Indus., Inc.*, 802 F.2d 881 (7th Cir. 1986) (defense); *Hull* v. *Brunswick Corp.*, 704 F.2d 1195 (10th Cir. 1983) (defense); *Pitney Bowes, Inc.* v. *Mestre*, 701 F.2d 1365 (11th Cir. 1983) (declaratory judgment treated as counterclaim).

Although this case is "not an effort to enforce any patent," Alkermes Br. 24, patent law and therefore this Court's jurisdiction are not so limited. The first question at the heart of this case is the remedy under patent law for Alkermes's

violation of the patent laws. As this Court has held, the patent laws also address the damages or other remedies available when patent laws are violated. *See, e.g.*, *In re Electro-Mech. Indus.*, 359 F. App'x 160, 163 (Fed. Cir. 2009) (non-precedential) ("*damages* ... are substantial questions of federal patent law") (emphasis added); *see also Bayer CropScience AG* v. *Dow AgroSciences LLC*, 680 F. App'x 985, 991, 995 (2017) (non-precedential) (whether arbitration tribunal's damages award was "partially unenforceable because it violate[d] *Brulotte*" was a "substantial" question). Other Circuits agree. *Natec, Inc.* v. *Deter Co.*, 28 F.3d 28, 29 (5th Cir. 1994) ("The right ... to enforce the settlement agreements and obtain royalties for use of the patent after it expires is a substantial question of federal patent law.").

The second question of this appeal, whether state law preempts the patent law requiring restitution, is another substantial question of patent law. *See, e.g.*, *Vermont* v. *MPHJ Tech. Invs., LLC*, 803 F.3d 635, 643 (Fed. Cir. 2015) (This Court "has jurisdiction over a complaint alleging that the state law is preempted by the patent laws.").

Alkermes posits that these two questions are not before this Court merely because of the deferential standard of review for arbitration decisions. Alkermes Br. 24. But even where the substantial questions of patent law are reviewed with deference this Court has jurisdiction. Indeed, this Court has previously exercised jurisdiction over cases originating in arbitration and has never,

to Acorda's knowledge, doubted its jurisdiction to do so on the basis that the Court can only review issues of patent law when presented for *de novo* review. *See Flex-Foot, Inc.* v. *CRP, Inc.*, 238 F.3d 1362, 1364 (Fed. Cir. 2001) (exercising jurisdiction over district court decision confirming an arbitral award); *Bayer*, 680 F. App'x at 991, 996 (same; stating that patent law questions under *Brulotte* were "necessar[y]" to the claim for relief and "substantial").

Even if this Court's jurisdiction to review substantial questions of patent law were limited to those cases where such questions are reviewed *de novo*, as suggested by Alkermes, this is such a case. The issue before the district court was one of patent law. Appx14-15 ("Acorda argues that 'the Tribunal manifestly disregarded the law by invoking state law,' which 'allow[ed] Alkermes to retain illegal royalty payments that it demanded after expiration of its patent' and 'upend[ed] the entire framework governing the Patent Act as set forth in *Brulotte* and its progeny.'" (alterations in original)). The district court decided two issues of patent law: (1) that there was no "clear legal principle" that royalties paid in violation of *Brulotte* are recoverable under federal law, Appx16-17, Appx19, and (2) that the New York Voluntary Payments Doctrine ("NYVPD"), applied by the Tribunal to allow Alkermes to keep $65.6 million in royalties paid for the period after patent expiration, was not preempted by federal patent law, Appx19. This Court reviews the district court's application of the "manifest disregard" decision *de novo*. *T.Co*

*Metals, LLC* v. *Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d. Cir. 2010). Thus, contrary to Alkermes's argument, Acorda's appeal asks this Court to review two substantial questions of patent law *de novo*: (1) whether patent law and policy provide a "clear legal principle" that post-expiration royalties paid in violation of *Brulotte* are recoverable, and (2) whether state law restrictions on such recovery are preempted by federal patent law. Once this Court has addressed those two issues of patent law, it must then ask whether the Tribunal disregarded that law.

Alkermes wrongly contends that questions of patent law raised here are not substantial because they do not affect the federal system as a whole. Alkermes Br. 25-27. The patent law questions presented in this appeal, however, affect more than just the parties—they affect the public at large. If this Court departs from precedent requiring that "all patents, and all benefits from them, must end when their terms expire," *Kimble*, 576 U.S. at 463, as Alkermes urges, it will create a workaround for holders of expired patents to retain monopolist returns on their expired monopolies in contravention of patent policy, and create incentives to act in bad faith with no consequences for doing so. Conversely, if this Court adheres to that precedent, it will reaffirm that all benefits of patents end on expiration, regardless of whether post-expiration royalties are paid out of mistake, ignorance of *Brulotte* or, as determined here, purported failure to protest under state law. The

*Brulotte* rule should be uniform rather than dependent on various state laws that, if applied, would yield inconsistent results.[1]

In sum, resolution of this appeal will affect not just the parties, but all patent licensors and licensees, and consumers of licensed products, and will resolve disputes over whether there are state law exceptions to the rule of *Brulotte*. *See id.* at 452 ("Allowing even a single company to restrict its use of an expired ... patent ... 'would deprive ... the consuming public of the advantage to be derived' from free exploitation of the discovery." (quoting *Scott Paper*, 326 U.S. at 255)).

Alkermes's assertion that Acorda's jurisdictional argument undercuts Acorda's merits argument, Alkermes Br. 27-28, makes no sense. Alkermes assumes that the substantial question of patent law which gives this Court jurisdiction must be an *unresolved* question of patent law. Not so. This Court has jurisdiction over cases posing substantial questions of patent law even where those questions have previously been answered and, as here, those answers were ignored in prior

---

[1] For example, Florida—unlike New York—has no voluntary payment doctrine. Fla. Stat. § 725.04 (2012). The Tribunal's award thus frustrates a primary purpose of this Court to "provide nationwide uniformity in patent law." *See Bonito Boats, Inc.* v. *Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989). The result of the Award is that Alkermes keeps $65.6 million in royalties illegal under patent law because the license applied New York law, but Alkermes would have to disgorge those unlawful gains if the license were governed by Florida law.

proceedings. To hold otherwise would be to allow the regional circuits misconstrue this Court's precedents and undermine uniformity of patent law. *C.f.*, *U.S. Water Servs., Inc.* v. *ChemTreat, Inc.*, 794 F.3d 966, 970 (8th Cir. 2015) ("In the realm of patent law, we rely on the Federal Circuit's precedent for persuasive guidance."). Indeed, this Court—not various regional circuits—should affirm the uniform result that receipt of post-expiration royalties may not be retained.

### B. Both Substantial Questions of Patent Law Are Necessarily Raised in This Case.

The issue of the damages for Alkermes's *Brulotte* violation was necessarily raised before the Tribunal—and answered in Acorda's favor: restitution was ordered. Appx273-74, Appx49-50. Whether it is *federal patent law* (in addition to state law) that clearly provides for Acorda's relief is a question necessarily posed by this case. If, as the Supreme Court has repeatedly held, the effect of patent expiration is a question of patent law, *Scott Paper*, 326 U.S. at 255, Acorda's refund of post-expiration royalties arises from patent law and this appeal then raises the second substantial question of patent law—whether state law can limit the remedy provided by patent law. Because these substantial questions of patent law are necessarily raised, this Court has exclusive jurisdiction over this appeal. *Christianson*, 486 U.S. at 809.

## II. Courts May Modify Arbitration Decisions Under the Manifest Disregard Doctrine.

The Second Circuit—and this Court applying Second Circuit law—is "'bound by [its] own precedent unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or [the Second Circuit] *en banc*.'" *Centurion* v. *Holder*, 755 F.3d 115, 123 (2d Cir. 2014) (quoting *Nicholas* v. *Goord,* 430 F.3d 652, 659 (2d Cir. 2005)). Prior to the Supreme Court's decision in *Hall Street Associates, L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576 (2008), the Second Circuit held that an arbitration tribunal's manifest disregard of the law permits federal court modification of the flawed award. *DiRussa* v. *Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir. 1997); *see also Yusuf Ahmed Alghanim & Sons* v. *Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997); *Halligan* v. *Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir. 1998); *New York Tel. Co.* v. *Workers of Am. Loc. 1100, AFL-CIO Dist. One*, 256 F.3d 89, 91 (2d Cir. 2001). The Supreme Court did not overrule the rationale of those cases in *Hall Street*, expressly stating that it has not decided whether the manifest disregard doctrine remains good law. *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 673 n.3 (2010).

The Second Circuit, notably, has not followed other circuit's decisions holding that the manifest disregard doctrine did not survive *Hall Street*. Alkermes Br. 30 n.5 (citing cases from outside the Second Circuit that, unlike the Second Circuit, have abrogated the "manifest disregard" doctrine). Rather than abrogating

the doctrine, the Second Circuit has held that the manifest disregard standard *survives* as a grounds for vacatur. *See, e.g.*, *Schwartz* v. *Merrill Lynch & Co.*, 665 F.3d 444, 451-52 (2d Cir. 2011). And the Second Circuit has never held that the manifest disregard doctrine no longer permits modification of an arbitral award. Absent such a Second Circuit holding, this appeal is governed by Second Circuit law announced in cases such as *DiRussa*, stating that manifest disregard of the law is grounds for modification. The district court erred in not following that binding Second Circuit precedent.

Alkermes's argument that requests for modification differ in kind from requests for vacatur, and that manifest disregard does not survive as a "judicial gloss" on the statutory bases for modification, Alkermes Br. 29-30, misunderstands Second Circuit law retaining the manifest disregard standard as an independent ground of judicial review. *Weiss* v. *Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019) (The Second Circuit "has 'concluded that manifest disregard remains a valid ground for vacating arbitration awards,' whether applied as judicial gloss or as an independent basis." (quoting *Schwartz*, 665 U.S. at 452)). Nor has the Second Circuit's adoption of manifest disregard as an independent ground for judicial review been abrogated by the Supreme Court. As the Supreme Court explained in *Stolt-Nielsen*, it did not decide in *Hall Street* "whether 'manifest disregard' survives ... as *an independent ground for review* or as a judicial gloss on the enumerated

grounds for vacatur set forth at 9 U.S.C. § 10." *Stolt-Nielsen*, 559 U.S. at 672 (emphasis added). Under binding Second Circuit law, manifest disregard survives—not merely as a "judicial gloss" to statutory grounds of review provided in 9 U.S.C. §§ 10 and 11, but as an independent grounds of judicial review.

## III. The Tribunal Manifestly Disregarded the Law.

### A. Clear Law Required the Tribunal to Award Full Restitution of Post-Expiration Royalties.

Alkermes argues that *Brulotte* and *Kimble* are limited to holding that "an offending royalty obligation is *prospectively* unenforceable," i.e., the rule only applies to post-expiration royalties *not* paid. Alkermes Br. 36 (emphasis in original). In doing so, Alkermes misrepresents the holding of these cases—the word "prospective" does not appear in either case. As explained in Acorda's opening brief, these cases compel restitution here because they hold that a patentee may not collect, demand, or *receive* post-expiration royalties, and that no member of the public (including Acorda) may be penalized or suffer loss by using an invention claimed in an expired patent. Acorda Br. 27-30.

#### 1. Under the Federal Law Decided in *Brulotte* and *Kimble* a Patent Owner Is Not Permitted to Derive Any Benefit from an Expired Patent.

*Brulotte* and *Kimble* are not limited to merely rejecting "prospective enforcement" of a particular agreement. Fundamentally, these cases hold that a patentee may not collect or receive post-expiration royalties, regardless of why those

royalties may have been paid—mistake, business pressure asserted by the patentee, ignorance of *Brulotte,* or any other reason. As the Supreme Court has explained without exception, *Brulotte* "held that a patent holder cannot charge royalties for the use of his invention after its term has expired." *Kimble*, 576 U.S. at 449. This characterization follows from *Brulotte*'s express ruling, reversing the judgment of the Court of Appeals "insofar as it allows royalties to be collected which accrued after the last of the [licensed] patents ... had expired." *Brulotte*, 379 U.S. at 30.

The Supreme Court also established that a patent owner is not permitted to retain illegally garnered post-expiration royalties, holding that a member of the public, like Acorda, cannot be required to pay for use of an expired patent. As the Court explained in *Kimble*, any such payment "'whatever the legal device employed, runs counter to the policy and purpose of the patent laws'" to "establish[] a 'post-expiration … public domain' in which every person can make *free* use of a formerly patented product." 576 U.S. at 453 (quoting *Brulotte*, 379 U.S. at 33) (emphasis added). Because an expired patent "by virtue of federal law ... is in the public domain and may be made and sold by whoever chooses to do so," "[a]llowing even a single company" to pay for use of an expired patent would "impermissibly undermine the patent laws." *Id.* at 452; *see also id.* at 454 (*Brulotte* "bars ... royalties for using an invention after it has moved into the public domain.").

The Tribunal manifestly disregarded this law in rewarding Alkermes for charging, collecting, and retaining royalties for the period after the ’938 patent expired. *See* Alkermes Br. 31-32. The Supreme Court’s decisions compel the conclusion that, under the federal patent laws, a patentee may not retain post-expiration royalties. Alkermes incorrectly dismisses these holdings as “language fragments” and “policy” arguments, *see* Alkermes Br. 40. But neither the Court’s language nor reasoning may be cast aside as Alkermes proposes. All are statements of *federal patent law*, as binding on the Tribunal as the patent statutes themselves. *See Lurie* v. *Wittner*, 228 F.3d 113, 128 (2d Cir. 2000) (decision is “‘contrary to … clearly established Federal law, as recognized by the Supreme Court’” when it “appl[ies] a rule of law ‘that contradicts the governing law set forth in’ Supreme Court precedent”); *see also Seminole Tribe of Fla.* v. *Fla.*, 517 U.S. 44, 67 (1996) (“When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound.”).

This Court repeatedly has confirmed that the rationale employed by the Supreme Court’s decisions must be applied in all cases, not just, as Alkermes would have it, in cases with precisely the same facts. *See, e.g.*, *Troy* v. *Samson Mfg. Corp.*, 758 F.3d 1322, 1326 (Fed. Cir. 2014) (“[L]ower courts are bound not only by the holdings of higher courts’ decisions but also by their mode of analysis.” (quoting *Miller* v. *Gammie*, 335 F.3d 889, 900 (9th Cir. 2003)) (internal quotation marks

omitted)); *Ariad Pharms., Inc.* v. *Eli Lilly & Co.*, 598 F.3d 1336, 1347 (Fed. Cir. 2010) (en banc) ("As a subordinate federal court, we may not so easily dismiss [the Supreme Court's] statements as dicta but are bound to follow them."); *Ins. Co. of the W.* v. *United States*, 243 F.3d 1367, 1372 (Fed. Cir. 2001).

Alkermes's further argument that it should be permitted to retain illegally collected royalties because a disgorgement remedy does not "necessarily follow[]" from a determination that a "license agreement is unenforceable" is a red herring. *See* Alkermes Br. 42. Acorda's point is different: The Tribunal's ruling was wrong not because it ruled that the License Agreement was unenforceable, but because its award contravened the clear and binding federal patent law set out in *Brulotte* and *Kimble* that prohibits patentees like Alkermes from collecting or retaining post-expiration royalties.

### 2. The Cases Cited by Alkermes Do Not Diminish the Clarity of *Brulotte* and *Kimble*.

Nor can Alkermes undermine clear federal patent law by invoking the "authority" of the district court decisions in *Zila* and *Tessera*. *Zila*, in an unpublished four-page memorandum opinion later overturned by the Ninth Circuit, held that Nevada law allowed a patentee to "retain[] a benefit that he has received as a result" of collecting pre-expiration royalties. *Zila, Inc.* v. *Tinnell*, Order at 4, No. 2:00-CV-01345 (D. Nev. Apr. 22, 2004), ECF No. 172, *rev'd and remanded*, 502 F.3d 1014 (9th Cir. 2007). *Zila* did not consider either the language or policies set out in

*Brulotte* and *Kimble.* It cannot be considered persuasive (or good) authority in light of the Supreme Court's subsequent clear statement in *Kimble* that allowing the result in *Zila* would "impermissibly undermine the patent laws." *Kimble* 576 U.S. at 452; *see* Acorda Br. 34-35; *see also supra* at III.A.1.

*Tessera* is even further afield. *See* Acorda Br. 35 n.20. Alkermes misquotes the decision, which does not hold or suggest that a patentee is entitled to retain already-paid post-expiration royalties. *Tessera* found that under *Brulotte* "the ability to exact royalties runs *to the last of the patents* providing monopoly protection." *Tessera, Inc.* v. *Toshiba Corp.*, No. 15-CV-02543-BLF, 2019 WL 5395158, at *6 (N.D. Cal. Oct. 22, 2019) (quoting *Zila*, 502 F.3d at 1026 (emphasis added)). However, *Tessera* did not address the issue here—may the patentee retain royalty payments for the period after all patent rights have expired—because the licensee's counterclaim in *Tessera* involved a royalty refund during the period when only some of the licensed patents had expired. *Id.* ("*Brulotte* … does not apply" to licensee's refund claim because it "made royalty payments based on *other* patents it believed were unexpired, valid, and enforceable."). Nowhere does the *Tessera* court "conclude[] that *Brulotte* does not require a refund of [post-expiration] royalties" as Alkermes claims. *See* Alkermes Br. 43. Alkermes's effort to contort *Tessera* requires it to adjust what the *Tessera* court actually said by cutting from its citation the word "would" and changing the tense of "exclude" to make it seem as if the cited

language supports Alkermes's mischaracterization when it does not. Alkermes Br. 43-44.

### 3. Cases Denying Restitution of Royalties Paid for Invalid Patents Do Not Undermine *Brulotte* and *Kimble*.

Nor do the cases denying restitution of royalties paid for a license to a patent *later* found to be invalid undermine the rule set out in *Brulotte* and *Kimble*. *See* Alkermes Br. 45-46. The royalties in those cases were paid at a time when the patent was valid and enforceable, unlike here.

*Brulotte* categorically prohibits a patent owner from benefiting from an expired patent; but there is no corresponding rule in the invalidity context that prohibits a patent owner from benefitting from royalties paid for a patent before invalidation. To the contrary, a patent is presumed valid, and "[t]he public interest is protected adequately ... without imposing on the patent holder the obligation to refund royalties paid under [a] license ... procured and asserted in good faith" prior to a determination of invalidity. *Trolex Mfg. Co.* v. *Schwinn Bicycle Co.* 465 F.2d 1253, 1260 (6th Cir. 1972) (cited in Alkermes Br. 45).

Courts generally deny restitution of pre-invalidity royalties to protect competition and the marketplace because a contrary policy that held out the never-ending possibility of restitution would "induce a manufacturer to accept a license based on a patent of doubtful validity, derive the benefits of suppressed competition

which the patent affords, and challenge validity only after the patent's expiration." *St. Regis Paper Co.* v. *Royal Indus.*, 552 F.2d 309, 314 (9th Cir. 1977).

A different rule for different reasons is set out in *Brulotte* and *Kimble. Brulotte* relied on the "categorical principle" that "all benefits" from patents "*must* end when their terms expire." *Kimble*, 576 U.S. at 463 (emphasis added). This principle, the Court held, reflects the judgement of Congress embodied in the patent laws that "the day after a patent lapses, the formerly protected invention *must* be available to all *for free*" and that "post-expiration restraints on even a single licensee's access to the invention" would be contrary to the patent laws. *Id.* (emphasis added); *see Brulotte*, 379 U.S. at 31, 32 (payment of a post-expiration royalty conflicts with "the free market visualized for the post-expiration period" and so "runs counter to the policy and purpose of the patent laws"); *see also* Acorda Br. 35-36.[2]

---

[2] Of course, the *Brulotte* rule also promotes the integrity of the marketplace by ensuring that all may use innovations disclosed in an expired patent without restriction. *See Kimble*, 576 U.S. at 463; *Brulotte*, 379 U.S. at 31-32. As Acorda explained in its opening brief, this appeal illustrates the impact of not following *Brulotte*; Acorda was placed at a disadvantage, unable to compete on equal terms with competing generic suppliers that did not have to pay royalties for the expired '938 patent. *See* Acorda Br. 36 n.21. Alkermes argues that Acorda's experience should be disregarded because the Tribunal found that Acorda failed to demonstrate an impact on competition as a result of Alkermes's conduct. Alkermes Br. 47-48. But this case is not about antitrust law—it is about restitution for a violation of the patent laws. *Brulotte* reflects the broader patent-law principle that restricting "even a single licensee" from free use of a patent is inconsistent with the "free market"

### B. The Tribunal Manifestly Disregarded Clear Law by Applying the NYVPD to Limit Restitution.

The Tribunal determined that Alkermes's *Brulotte* violation required restitution to Acorda of the post-expiration royalties it had paid. *See* Appx274-75; Appx49; Acorda Br. 13-14. However, it then applied the NYVPD to limit that restitution, allowing Alkermes to retain $65.6 million in "royalties" paid for the period after patent expiration. As explained in Acorda's opening brief, the Tribunal manifestly disregarded *Brulotte* and *Kimble* when it applied a state law doctrine to reward Alkermes for Acorda's use of the invention after patent expiration. *See* Acorda Br. 38-39. The application of the NYVPD in these circumstances is preempted by federal law, because it "stands as an obstacle to" and "clashes with" the clear law set out in *Brulotte* and *Kimble* and the determination by Congress that a post-expiration restraint "on even a single licensee[]" is not permitted under the patent laws. *See id.* at 40-44; *see also supra* at III.A.1.

Alkermes makes a single argument in response—that Acorda's position that the NYVPD is preempted is "indefensible" because, "under Acorda's rule, states seemingly could not impose *any* limitations on refund actions following *Brulotte* violations, such as limitations period[s] or laches." Alkermes Br. 54-55.

---

promoted by the patent laws "regardless of a demonstrable effect on competition" as a matter of antitrust law. *Kimble*, 576 U.S. at 463.

This argument is based on a misconstruction of the preemption doctrine. Under preemption, states *cannot impose* limitations inconsistent with, or contrary to, what is required by federal law, and any attempt to do so is preempted. To be sure, federal law may "borrow" a statute of limitations or other restraint on recovery from state law, but only if the application of state law would not conflict with federal law or policy.

The "general rule is that a state limitations period for an analogous cause of action is borrowed and applied to the federal claim, *provided that the application of the state statute would not be inconsistent with underlying federal policies*." *Oneida Cnty., N.Y.* v. *Oneida Indian Nation of N.Y. State*, 470 U.S. 226, 240-41 (1985) (emphasis added) (refusing to apply state limitations period that "would be inconsistent with federal policy"); *CTS Corp.* v. *Waldburger*, 573 U.S. 1, 4 (2014) ("[D]iscovery rule" enacted by Congress "pre-empts state statutes of limitations that are in conflict with its terms."); *Johnson* v. *Ry. Express Agency, Inc.*, 421 U.S. 454, 465 (1975) ("[C]onsiderations of state law may be displaced where their application *would be inconsistent with the federal policy underlying the cause of action under consideration*." (emphasis added)); *Freier* v. *Westinghouse Elec. Corp.*, 303 F.3d 176, 198 (2d Cir. 2002) (Federal law that "specif[ies] that the applicable state limitations period 'shall commence at the federally required

commencement date in lieu of' an 'earlier' date provided by state law" will "preempt state law accrual rules[.]").

Consistent with these principles, the Tribunal's application of state unjust enrichment law to provide Acorda limited restitution *was not preempted because the application of that law is consistent* with federal law as set out in *Brulotte* and *Kimble*. But the Tribunal's subsequent reliance on the NYVPD to permit Alkermes to keep $65.6 million of those royalties *was preempted* because it denied Acorda the benefit of free use of an invention claimed in an expired patent, and allowed Alkermes to keep its "illegal" gains contrary to the mandate of that same federal law. *See* Acorda Br. 43-44; *see also* Appx50 (Tribunal asserting that the state-law NYVPD "change[s] this calculus" as to what federal patent law required). Alkermes's claim that this result is "indefensible" is simply wrong.[3]

### C. Acorda Has Met the Standard for Manifest Disregard.

Alkermes relies on *Duferco Int'l Steel Trading* v. *T. Klaveness Shipping A/S*, 333 F.3d 383 (2d Cir. 2003), to argue that Acorda has not met the burden required to establish that the Tribunal manifestly disregarded clear law. *See*

[3] The Tribunal's decision is illogical for a different reason: after determining that "it is obvious that" federal law in *Brulotte* "requires" declaring the licenses at issue unenforceable after patent expiration, Appx51, the Tribunal allowed Alkermes to keep royalties paid for the period in which federal law had voided any license requiring payment.

Alkermes Br. 35. Under *Duferco*, "the application of the manifest disregard standard involves ... three inquiries." *Id.* at 389. *First*, a court considers "whether the law that was allegedly ignored was clear [and] explicitly applicable to the matter before the arbitrators." *Id.* at 390. *Second*, whether "the law was in fact improperly applied." *Id*. And *third* whether the arbitrator "kn[ew] of [the law's] existence, and its applicability to the problem before him." *Id.* With respect to the third factor, knowledge and intentionality on the part of the arbitrator may be inferred if the error is "so obvious that it would be instantly perceived as such by the average person qualified to serve as an arbitrator." *Id*.

In addition, the Supreme Court and courts in the Second Circuit have held that an arbitral award may be rejected where it "would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 43 (1987) (internal quotations omitted). Consequently, courts "may vacate an arbitration award which contravenes public policy" or otherwise "conflicts with 'laws and legal precedents." *Park Plaza Hotel* v. *Loc. 217, Hotel & Rest. Workers' & Bartenders Union*, No. N-89-183, 1990 WL 178880, at *3 (D. Conn. Aug. 21, 1990) (internal quotations omitted).

Here, each of the *Duferco* factors supports a finding that the Tribunal manifestly disregarded the law in applying the NYVPD to allow Alkermes to retain $65.6 million illegally collected as a result of its acknowledged *Brulotte* violation. Similarly, Acorda has met the *Misco* and *Park Plaza Hotel* standards. As shown above and in Acorda's opening brief, the Supreme Court's precedents in *Brulotte* and *Kimble* set out explicit public policy that the patent laws do not permit "even a single licensee[]" to pay for, or permit a patent owner to benefit in any way from, the use of an expired patent. *See* Acorda Br. 27-30; *see supra* at III.A.1.

As for the *Duferco* test cited by Alkermes, as explained above and in Acorda's opening brief, the law requiring restitution set out in *Brulotte* and *Kimble* is clear and both decisions were squarely presented to and applied by the Tribunal. *See supra* at III.A.1; Acorda Br. 27-37. The Tribunal expressly found that Alkermes's conduct violated *Brulotte*, and that, as a result of that violation, (1) the contracts purporting to require post-expiration royalty payments were void and (2) Acorda was entitled to restitution of any post-expiration royalties it had paid. Acorda Br. 16-17; Appx40; Appx48-49.

As to the second *Duferco* inquiry, while applying the law, the Tribunal did so incorrectly when it relied on a state law doctrine, the NYVPD, to limit the very restitution required by federal law. As to the third *Duferco* inquiry, the Tribunal clearly knew of the existence the Supremacy Clause—cited to the Tribunal by

Acorda, Appx635—that limits the application of state laws that conflict with express federal law and/or policy. *See* Acorda Br. 39.

Moreover, the Tribunal made an obvious and egregious error when it applied the NYVPD to limit restitution after previously ruling that the NYVPD had no "implication for this Arbitration" and rejecting Acorda's effort, after summary judgment, to present a detailed, substantive preemption argument. Appx275, *see* Acorda Br. 17-18. The result of the Tribunal's misapplication of the NYVPD was an award that is contrary to federal patent law and the patent policies expressly set out in *Brulotte* and *Kimble*. Acorda respectfully submits that the manifest disregard doctrine permits the Tribunal's award to be modified to the extent it contravenes these policies.

## IV. Acorda Did Not Forfeit Its Preemption Argument.

Alkermes asserts that Acorda never presented its preemption argument to the Tribunal. Alkermes Br. 49-54. Not so. Acorda raised preemption in its summary judgment briefing when it argued that (1) "[a]s a matter of law, *Brulotte* and *Kimble* preclude the assessment of royalties on an expired patent," Appx637, (2) under *Brulotte*, "a contract calling for the payment of patent royalties after the expiration of the licensed patent ... is *per se* unenforceable under the Supremacy Clause of the Constitution," Appx635, and (3) "[w]ith respect to unjust enrichment, *Brulotte* and *Kimble* render the [post-expiration] payment ... unenforceable as a

matter of public policy," Appx252. Acorda raised preemption again after summary judgment, when it continued to argue that, if the Tribunal found a *Brulotte* violation (as it ultimately did), the Tribunal would "need to make a further decision of whether or not it can allow the unlawful payments made after patent expiry to stand in violation of public policy." Appx308. These statements preserved Acorda's preemption argument. *See, e.g.*, *Medtronic, Inc.* v. *Teleflex Innovations S.À.R.L.*, 68 F.4th 1298, 1305 (Fed. Cir. 2023) (argument to PTAB that addressed "the same, general issue" as that presented on appeal was sufficient to preserve issue).

This is particularly so when further presentation of the preemption issue was prohibited by the Tribunal itself. Once Acorda argued that it was entitled to restitution of all post-expiration royalties in light of, among other reasons, the Supremacy Clause, the Tribunal ruled on summary judgment that Acorda's recovery was limited by the contracts and rejected reliance for that limitation on the NYVPD. Appx273-75. Acorda then argued that, if the Tribunal determined that Alkermes violated *Brulotte*, the Tribunal would "need to make a further decision of whether or not it can allow the unlawful payments made after patent expiry to stand in violation of public policy." Appx308. The Tribunal rejected that federal policy argument, ordering that it would not entertain any such argument at the hearing because of its finding that the contract limited recovery. Appx311 ("[T]he Tribunal

will not entertain evidence regarding payments made prior to July 2020 as said payments are no longer pertinent to this Arbitration.”).

Moreover, once the Tribunal relied on a voided contract to limit restitution on summary judgment and itself rejected reliance on the NYVPD, Acorda had no further incentive to raise preemption of that law. The issue was only later resurrected when the Tribunal’s final award reversed course, and rather than relying on a voided contract, relied on the NYVPD it earlier had rejected.

Thus, Acorda presented to the Tribunal its argument that denying full recovery would “stand in violation of public policy” enunciated in *Brulotte* and its progeny, and cited the Supremacy Clause in support. Appx308, Appx252, Appx635, Appx637. This is not forfeiture. *See Medtronic*, 68 F.4th at 1305; *Looney* v. *Black*, 702 F.3d 701, 711 (2d Cir. 2012).

## V. Even if Acorda’s Preemption Argument Were Forfeited, This Court Has Discretion to Overlook That Forfeiture.

This Court has discretion to consider forfeited arguments, including in arbitrated cases. *See Harris Corp.* v. *Ericsson Inc.,* 417 F.3d 1241, 1251 (Fed. Cir. 2005) (“An appellate court retains case-by-case discretion over whether to apply waiver.”). Alkermes cites to no case holding that courts may not overlook forfeiture in cases originating in arbitration where the arbitral decision is being reviewed for manifest disregard of the law. Nor does Alkermes cite to any cases in which an arbitration tribunal expressly forbade arguments, as the Tribunal did here.

Contrary to Alkermes's assertion, this Court previously recognized that it may excuse a party's failure to raise an argument before an arbitration tribunal while the Court applied the manifest disregard standard. *Bayer*, 680 F. App'x at 998. While this Court did not find that the circumstances warranted excusing forfeiture, it explained why it reached that conclusion without hinting that the arbitration context precluded excusing forfeiture. *Id.*; *see also Harding* v. *U.S. Naval Acad.*, 567 F. App'x 920, 924 (Fed. Cir. 2014) (non-precedential) (stating that Federal Circuit may overlook forfeiture of argument not raised before arbitrator in case concerning removal of federal employee).

## CONCLUSION

For the foregoing reasons, we respectfully submit that the Court should reverse the district court and modify the Tribunal's order to award Acorda an additional $65,629,716 along with pre- and post-award interest and costs as authorized by law, including the costs of this appeal. Appx78, Appx95.

Dated: New York, New York
July 3, 2024

*/s/ Garrard R. Beeney*
Garrard R. Beeney
Stephen J. Elliott
Morgan R. Knudtsen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
SULLIVAN & CROMWELL LLP
1700 New York Avenue N.W. Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2), it contains 6,675 words.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point Times New Roman, a proportionally spaced typeface.

Dated: New York, New York
July 3, 2024

*/s/ Garrard R. Beeney*
Garrard R. Beeney
Stephen J. Elliott
Morgan R. Knudtsen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
SULLIVAN & CROMWELL LLP
1700 New York Avenue N.W. Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*