GOODWIN

Brian T. Burgess
+1 202 346 4215
BBurgess@goodwinlaw.com

Goodwin Procter LLP
1900 N Street NW
Washington, DC 20036

goodwinlaw.com
+1 202 346 4000

September 19, 2024

**SUBMITTED VIA ECF**
Jarrett B. Perlow
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439
(202) 275-8000

**Re: *Acorda Therapeutics, Inc. v. Alkermes PLC*, Case No. 2023-2374**

Dear Mr. Perlow:

Appellee Alkermes PLC writes to submit *Ares Trading S.A. v. Dyax Corp.*, No. 23-1487 (3d Cir. Aug. 14, 2024) ("Op.") to the Court. *Ares* holds that issues arising under *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), do not raise substantial questions of patent law and cannot support Federal Circuit jurisdiction. The logic of *Ares* confirms that Acorda's appeal properly lies only in the Second Circuit.

*Ares* involved a dispute about whether *Brulotte* rendered certain royalty obligations in a drug-development deal unenforceable. The district court rejected the licensee's *Brulotte* defense. Following supplemental briefing on jurisdiction, the Third Circuit held that it, and not this Court, had jurisdiction over the appeal. *Id.* at 13-22.

The Third Circuit explained that the resolution of *Brulotte* issues does not depend on a "substantial" question of patent law. *Id.* at 15 (discussing *Gunn v. Minton*, 568 U.S. 251 (2013)). Under either of the parties' "competing" interpretations of *Brulotte*, "the only patent law issue" was "whether Ares' royalty obligation conflict[ed] with the federal patent laws under *Brulotte*." Op. 16, 18. Answering that question, it held, would "affect[] only the operation of state contract law." *Id.* at 18. As a result, "the *Brulotte* issue … [was] not sufficiently important 'to the federal [patent] system as a whole' … to trigger the Federal Circuit's jurisdiction." *Id.* (quoting *Gunn*, 568 U.S. at 260).

*Ares* illustrates that no substantial issue of patent law is at issue here. Indeed, it is even clearer that this Court lacks jurisdiction. This is an appeal from an arbitration, and the sole question before the Court is whether there is at least "a barely colorable justification" for the Tribunal's decision. *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004). That case-specific question is even further removed from a substantial question of patent law than the underlying *Brulotte* question itself.

With respect to the application of *Brulotte*, *Ares* is consistent with the Tribunal's decision to "faithfully" apply *Brulotte* and render unenforceable the parties' royalty obligation, without "expand[ing] its sweep," Op. 36 n.10, as Acorda proposes in seeking an unprecedented refund of post-expiration voluntary payments.

GOODWIN

Respectfully submitted,

*/s/ Brian T. Burgess*
Brian T. Burgess