**No. 2023-2374**

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

**ACORDA THERAPEUTICS, INC.,**

*Petitioner-Appellant,*

**v.**

**ALKERMES PLC,**

*Respondent-Appellee.*

On Appeal from a Final Decision of the
U.S. District Court for the Southern District of New York,
No. 1:23-cv-00223-NRB

# APPELLEE'S OPENING SUPPLEMENTAL BRIEF ON JURISDICTION

Brian T. Burgess
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4190

Christopher T. Holding
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

June 18, 2025

*Counsel for Appellee*

## CERTIFICATE OF INTEREST

Counsel for Appellee certifies the following:

**1.** **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

Alkermes PLC

**2.** **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

Alkermes Pharma Ireland Limited

**3.** **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. Fed. Cir. R. 47.4(a)(3).

Alkermes Ireland Holdings Limited

Alkermes PLC

BlackRock, Inc.

**4.** **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

Jeffrey Simes; Louis Lobel (Goodwin Procter LLP)

David Hille (White & Case LLP)

**5.** **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

No.

**6.** **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None.

June 18, 2025

/s/ *Brian T. Burgess*
Brian T. Burgess

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 4

I. An FAA petition alleging that an arbitration panel manifestly disregarded federal patent law does not arise under federal patent law .......4

II. Exercising jurisdiction over Acorda's appeal would materially expand the Court's jurisdiction over FAA petitions, as efforts to limit the decision's impact on other cases are not workable......................................9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Ares Trading S.A. v. Dyax Corp.*,
114 F.4th 123 (3d Cir. 2024) ....................9

*Badgerow v. Walters*,
596 U.S. 1 (2022)....................4, 5

*Bayer Cropscience LP v. Corteva, Inc.*,
2025 WL 1503764 (Del. Super. Ct. May 5, 2025) ....................2

*Chandler v. Phoenix Servs. LLC*,
1 F.4th 1013 (Fed. Cir. 2021) ....................6

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)....................6

*Design Gaps, Inc. v. Shelter, LLC*,
130 F.4th 143 (4th Cir. 2025) ....................1

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*,
333 F.3d 383 (2d Cir. 2003) ....................8

*Express Mobile, Inc. v. GoDaddy.com, LLC*,
2025 WL 1013386 (Fed. Cir. Apr. 2, 2025) ....................12

*Friedler v. Stifel, Nicolaus & Co., Inc.*,
108 F.4th 241 (2024) ....................*passim*

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005)....................6

*Greenberg v. Bear, Stearns & Co.*,
220 F.3d 22 (2000)....................6

*Gunn v. Minton*,
568 U.S. 251 (2013)....................3, 6, 8, 9

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010)....................12

*Mobile Acuity Ltd. v. Blippar Ltd.*,
110 F.4th 1280 (Fed. Cir. 2024) ....................12

*MPEG LA, LLC v. Audiovox Elecs. Corp.*,
933 N.Y.S.2d 815 (N.Y. Sup. Ct. 2011) ....................3

*Ortiz-Espinosa v. BBVA Sec. of P.R., Inc.*,
852 F.3d 36 (2017) ....................6

*Seneca Nation of Indians v. New York*,
988 F.3d 618 (2d Cir. 2021) ....................4, 7, 12

*STMicrolectronics, N.V. v. Credit Suisse Sec. (USA) LLC*,
648 F.3d 68 (2d Cir. 2011) ....................13

*Weiss v. Sallie Mae, Inc.*,
939 F.3d 105 (2d Cir. 2019) ....................13

*Xitronix Corp. v. KLA-Tencor Corp.*,
882 F.3d 1075 (Fed. Cir. 2018) ....................6, 7, 9

*Zimmer Biomet Holdings, Inc. v. Insall*,
108 F.4th 512 (7th Cir. 2024) ....................3

**STATUTES:**

9 U.S.C. § 203 ....................7

28 U.S.C. § 1295 ....................6

28 U.S.C. § 1295(a)(1) ....................7

28 U.S.C. § 1331 ....................6

28 U.S.C. § 1338 ....................7

28 U.S.C. § 1338(a) ....................6, 11

Alkermes submits this brief in response to the Court's June 6, 2025 Order following oral argument in this appeal, ECF No. 66. The Court directed the parties to address whether the Court has jurisdiction over the appeal, and "[m]ore particularly" identified interest in further briefing of "the practical consequences of holding that this court has jurisdiction," with attention to addressing "what if any sound and workable distinctions there may be, for purposes of this court's jurisdiction, between this case and a range of other cases in which parties to arbitrations seek to confirm, vacate, and/or modify an award involving patent issues."

## INTRODUCTION

As Alkermes argued in its initial motion to transfer and in its merits brief, this Court lacks jurisdiction because Acorda's petition to modify an arbitral award does not arise under the patent laws. Alkermes respectfully submits that there are two principled, administrable ways to reach that result.

First, the Court could endorse the approach recently adopted by the Fourth Circuit in *Friedler v. Stifel, Nicolaus & Co., Inc.*, 108 F.4th 241 (2024). There, the court held that "a claim of manifest disregard of federal law" in a Federal Arbitration Act ("FAA") petition "doesn't present a federal question" for purposes of arising-under jurisdiction. *Id.* at 247; *see also Design Gaps, Inc. v. Shelter, LLC*, 130 F.4th 143 (4th Cir. 2025) (holding that federal courts lacked jurisdiction over an FAA petition seeking vacatur and alleging manifest disregard of federal copyright law).

Among other virtues, this approach is clear and easily administrable, as it recognizes that relying on federal law—whether patent law or otherwise—as an asserted ground for vacating or modifying an arbitral award under the manifest disregard standard[1] does not support federal-question jurisdiction because any embedded issue is not "substantial." *Friedler*, 108 F.4th at 247. The approach is also consistent with the "severely circumscribed" judicial role in the FAA context, which permits judicial analysis of a federal-law claim "in only the most cursory sense." *Id.* at 246.

Second, the Court could decline to decide this more general question and hold only that resolution of an FAA claim premised on *Brulotte* does not raise a substantial federal question. As reflected by the briefing in this case, regional courts of appeal routinely decide questions about *Brulotte*'s scope and application. State courts likewise resolve *Brulotte* questions if patent misuse is raised as a defense in a state-law contract matter between non-diverse parties. *See, e.g.*, *Bayer Cropscience LP v. Corteva, Inc.*, 2025 WL 1503764, at *7-8 (Del. Super. Ct. May 5, 2025);

---

[1] As Alkermes has explained, "manifest disregard" is not a basis for modifying an arbitral award under the FAA. Alkermes Resp. Br. 28-34. But for the purposes of evaluating jurisdiction only, Alkermes assumes *arguendo* that manifest disregard is a cognizable ground for modification.

During Acorda's rebuttal argument, its counsel also referenced a supposed "public policy" ground for revising the arbitral award here. Such an argument would not affect jurisdiction, but, regardless, there is no reason for the Court to address the issue because Acorda's FAA petition never invoked this exception. Appx77-95. Nor was the purported ground raised in Acorda's opening brief to this Court—it was first alluded to in passing in Acorda's reply brief (at 23), which comes far too late.#

*MPEG LA, LLC v. Audiovox Elecs. Corp.*, 933 N.Y.S.2d 815, 827 (N.Y. Sup. Ct. 2011). Any federal interest in "the development of a uniform body of patent law," is thus highly attenuated in this context. *Gunn v. Minton*, 568 U.S. 251, 261-62 (2013) (quotation marks and brackets omitted). The further layer of FAA review eliminates any serious federal interest that could support arising-under jurisdiction.

Alternatively, the Court could determine that it has jurisdiction by holding that (1) an FAA petition challenging an arbitral award as being in manifest disregard of federal law may raise a substantial federal question, and (2) a question about *Brulotte*'s reach is a substantial issue of patent law. This approach would directly conflict with the Fourth Circuit's holding in *Friedler* and the outcome of the Seventh Circuit's decision in *Zimmer Biomet Holdings, Inc. v. Insall*, 108 F.4th 512 (7th Cir. 2024), and it would also be in significant tension with decisions from other circuits. Such a holding also would substantially expand the number of FAA challenges that must proceed in federal court and then be appealed to this Court. But the approach would at least provide a relatively clear line moving forward.

By contrast, Acorda's approach offers the worst of all worlds. As presented at oral argument, Acorda appears to believe that only *some* FAA challenges to the application of federal patent law based on a manifest disregard standard arise under the patent laws, with the jurisdictional inquiry turning on the inherently vague and subjective question of whether the patent-law issue is sufficiently important.

Acorda's view of importance is dubious—on its view, a decision about *Brulotte*'s scope counts, but an FAA petition asserting that an arbitrator manifestly disregarded patent law in declaring a patent invalid might not. That approach is unworkable, and it will inevitably lead to costly and inefficient disputes over jurisdiction in arbitration appeals. Such delay based on confusion over jurisdiction is undesirable in any context. But it is especially perverse for an FAA appeal, where review is supposed to be "streamlined," and vacatur for manifest disregard is "exceedingly rare," *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625-26 (2d Cir. 2021). As a result, such procedural wrangling over jurisdiction is almost always just a time-consuming prelude to inevitable affirmance.

Alkermes respectfully submits that, whatever rule the Court adopts, it should avoid an approach to jurisdiction in FAA cases that turns on subjective, case-by-case assessments that parties cannot reliably predict *ex ante*.

## ARGUMENT

### I. An FAA petition alleging that an arbitration panel manifestly disregarded federal patent law does not arise under federal patent law.

The Supreme Court's decision in *Badgerow v. Walters*, 596 U.S. 1, 9 (2022), establishes the rule for jurisdiction in actions to review arbitral awards. Rejecting a "look-through" approach previously employed by some federal courts that based jurisdiction on the claims in arbitration, the Court held that jurisdiction is determined from "the face of the application itself"—*i.e.*, determining if there is diversity of

citizenship or whether a federal question exists because some federal law "beyond Section 9 or 10 [of the FAA] itself" "entitles the applicant to relief." *Id.* at 9, 11. The Court recognized its approach would "give state courts a significant role in implementing the FAA," which it concluded was a "feature of the statute." *Id.* at 18.

Following *Badgerow*, the Fourth Circuit in *Friedler* addressed whether the "face of the application" test is satisfied by an FAA petition alleging that an arbitral award was issued in manifest disregard of federal law (there, the federal securities laws). 108 F.4th at 246. The Fourth Circuit held that the answer is no, explaining that the narrow review contemplated by "manifest disregard" is "distinct from the merits of the underlying issues" because the standard permits analysis of federal law "in only the most cursory sense." *Id.* Specifically, the court may ask only whether the arbitrators "chose to ignore" clearly presented and unambiguously applicable "binding precedent requiring a contrary result." *Id.* at 246-47 (quotation marks omitted). Such "superficial review of federal law," the Fourth Circuit explained, does not raise a federal question that is "substantial," regardless of whether "the federal issue would otherwise be within the exclusive jurisdiction of federal courts." *Id.* at 247 (citing *Gunn*, 568 U.S. at 264). The court also reasoned that *Badgerow* "bolsters" its "view that manifest disregard is not a jurisdictional gateway for vacatur"

since "[t]o hold otherwise would open the door that *Badgerow* closed." *Id.* at 250.[2]

The holding of *Friedler* is persuasive, easily administrable, and fully applicable here. *See Gunn*, 568 U.S. at 257 (noting that the Supreme Court applies precedents applying 28 U.S.C. § 1331 and § 1338(a) "interchangeably," because they both use the identical "arising under" phrase); *Chandler v. Phoenix Servs. LLC*, 1 F.4th 1013, 1017 (Fed. Cir. 2021) (affirming that this Court's jurisdictional statute, 28 U.S.C. § 1295, is linked to these provisions); *Xitronix Corp. v. KLA-Tencor Corp.*, 882 F.3d 1075, 1079 (Fed. Cir. 2018) (applying *Gunn* to a question of this Court's jurisdiction and recognizing that the statutory language in § 1295 and § 1338 are "indistinguishable"). Acorda contends that the question here is "whether patent

---

[2] In its decision, the Fourth Circuit surveyed other circuits that addressed, pre-*Badgerow*, whether an FAA petition alleging "manifest disregard" of federal law gives rise to federal-question jurisdiction. *See Friedler*, 108 F.4th at 247, 249-50. In particular, the First Circuit indicated that "a claim of manifest disregard cannot provide federal question jurisdiction." *Ortiz-Espinosa v. BBVA Sec. of P.R., Inc.*, 852 F.3d 36, 46 (2017). By contrast, the Second Circuit previously held that where an FAA petitioner "complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition." *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2000). But that decision predates not only *Badgerow*, but the Supreme Court's decisions refining the meaning of a "substantial" federal question in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), and *Gunn v. Minton*, 568 U.S. at 251. *See Friedler*, 108 F.4th at 247 (questioning the vitality of the *Greenberg* decision for this reason).

If this Court transfers the appeal, the Second Circuit would apply this Court's jurisdictional decision concerning "manifest disregard" and the FAA as law of the case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-17 (1988).

law and policy permit a patentee to demand, receive, and retain patent license royalties for use of the patented invention." Acorda Opening Br. 2. But that is incorrect: under the FAA, the Court *cannot* resolve any open question of "patent law and policy"; rather, the Court may only confirm that the arbitration panel did not flout directly controlling (and clearly presented) precedent in determining that Acorda's state-law restitution remedy is subject to state-law requirements. *See, e.g.*, *Seneca Nation*, 988 F.3d at 626. As the *Friedler* court recognized, such "cursory" review of federal law does not raise a "substantial" federal question. 108 F.4th at 246-47.

In short, although Acorda's FAA petition references patent policy, it does not "aris[e] under" the patent laws. 28 U.S.C. § 1338. "There is nothing unique to patent law about" application of the manifest disregard standard under the FAA, and the bare possibility that confirming the arbitration panel did not flout directly controlling precedent might "require some application of patent law" does not establish that there is a *substantial* patent law question. *Xitronix*, 882 F.3d at 1077-78 (holding that a *Walker Process* claim premised on alleged false statements to the Patent Office does not arise under patent law). Instead, federal court jurisdiction exists based on diversity of citizenship and under the New York Convention, *see* 9 U.S.C. § 203. Tellingly, those are the *only* two grounds for subject-matter jurisdiction identified by Acorda in its petition. *See* Appx79. Thus, Acorda's FAA petition is not a "civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C.

§ 1295(a)(1).

In response to the Court's question about whether there are "sound and workable distinctions" between this case and "a range of other cases in which parties to arbitrations seek to confirm, vacate, and/or modify an award involving patent issues," ECF No. 66, Alkermes respectfully submits the best answer is "no." Following the reasoning of *Friedler*, a petition alleging that an arbitral award was issued in manifest disregard of some patent policy does not arise under patent laws, just as a petition alleging that an arbitral award manifestly disregarded the federal securities laws does not arise under the federal securities laws. 108 F.4th at 246. The federal interest is not substantial because of the "severely limited" standard of review allowed under the FAA, *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). In this context, substantiality should not turn on *ad hoc*, case-by-case assessments of the importance, in the abstract, of a particular patent issue raised by an FAA petition. *Cf. Gunn*, 568 U.S. at 258-59, 261 (similarly concluding, on a categorical basis, that "state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent laws" because of the "backward-looking," party-specific nature of such claims).

But if the Court is not inclined to adopt a general rule now, it could reasonably conclude that, at a minimum, an FAA petition alleging manifest disregard of the *Brulotte* doctrine does not present a substantial federal question. Such a case-

specific decision would provide less prospective guidance to parties, but it would be sound and amply justified.

Even in the context of ordinary district court litigation outside the FAA, courts of appeal have concluded that "the enforceability of [a] royalty obligation under *Brulotte* is not a 'substantial' patent law issue." *Ares Trading S.A. v. Dyax Corp.*, 114 F.4th 123, 134 (3d Cir. 2024). "Patent claims will not be invalidated or revived based on the result of this case," *Xitronix*, 882 F.3d at 1078, which will decide only whether the Tribunal's application of ordinary state-law rules for restitution manifestly disregarded patent-law precedents that did not themselves address any questions about remedy. And since both regional circuits and state courts will inevitably decide questions about the scope of *Brulotte*, *see* pp. 2-3, *supra*, allowing such courts also to address the issue in FAA disputes will do nothing to "undermine the development of a uniform body of patent law." *Gunn*, 568 U.S. at 261 (quotation marks and brackets omitted). Rather, "the result is limited to the parties" and their particular contractual dispute. *Xitronix*, 882 F.3d at 1078.

## II. Exercising jurisdiction over Acorda's appeal would materially expand the Court's jurisdiction over FAA petitions, as efforts to limit the decision's impact on other cases are not workable.

If the Court instead were to conclude that it has jurisdiction over this appeal, it would substantially expand the scope of this Court's jurisdiction in cases challenging arbitral awards under the FAA. Any decision recognizing jurisdiction would

need to start from the premise that, contrary to the Fourth Circuit's opinion in *Friedler*, an FAA petition alleging that an arbitral award manifestly disregarded federal law may trigger federal-question jurisdiction. Such a rule would likely produce a significant uptick in FAA appeals coming to this Court. After all, "[p]arties to an arbitration could assert that the arbitrator 'manifestly disregarded' some federal statute in every case," *Friedler*, 108 F.4th at 250 (Wilkinson, J., concurring). It would thus be easy for losing parties in any arbitration that involves patent issues (even if only tangentially) to style their petitions to invoke this Court's exclusive jurisdiction.

The facts of this case illustrate the breadth of Acorda's approach. The arbitration proceeding between Acorda and Alkermes did not adjudicate any patent rights. And contrary to Acorda's attempts to rewrite the record, Acorda never argued to the arbitration panel that federal patent law provides Acorda with a right to restitution of voluntarily paid royalties free from generally applicable state-law limits on restitution. To the contrary, Acorda invoked *state* law as the source of its alleged right to restitution damages. *See* Appx250-253, 632-634.

Specifically, Acorda argued that federal law (*i.e.*, *Brulotte*) made its royalty payments "unenforceable," but it relied on New York common law as the asserted basis for potential "[r]estitution damages." Appx252 (quotation marks omitted); *see also* Appx634. Far from contending that *Brulotte* compels such restitution damages, Acorda argued only that "*Brulotte* and its progeny *do not bar* recovery of damages

in this case." Appx258-259 (emphasis added; initial capitalization omitted); *see also* Appx635-636 (same). Acorda never argued to the arbitration panel that federal patent law preempts the ordinary application of New York's voluntary payment doctrine ("NYVPD"). *See* Appx256-258 (disputing the applicability of the NYVPD as a matter of state law without arguing for federal preemption); Appx637-638 (same).

Nevertheless, Acorda now insists that the arbitral panel manifestly disregarded federal patent law merely by applying ordinary state-law limits on restitution, including because the panel did not anticipate a federal preemption argument that Acorda never raised. If *that* allegation suffices to establish federal-court jurisdiction under 28 U.S.C. § 1338(a), then there is no logical stopping point to Acorda's theory. Disappointed parties in other arbitral disputes relating to patents but arising under state law (*e.g.*, disputes over patent ownership) could trigger this Court's jurisdiction merely by claiming that the award conflicts with federal patent policy in some way. Moreover, parties in ordinary patent-law disputes could always invoke this Court's jurisdiction by alleging that the arbitrator's resolution of the patent-law merits (*e.g.*, on patent validity or claim construction) is manifestly wrong. Under this approach, "the 'manifest disregard' standard would completely swallow *Badgerow*'s rule." *Friedler*, 108 F.4th at 250 (Wilkinson, J., concurring).

Evidently recognizing the undesirability of this result, Acorda has strained to argue that the Court could exercise jurisdiction here without concluding that other

FAA petitions alleging manifest disregard of the patent laws would arise under the patent laws. But Acorda offers no workable principle that could justify that outcome. Instead, it relies on the conclusory assertion that issues involving *Brulotte* are more important to the uniform interpretation of patent law than other patent law questions that might be implicated by an arbitral award, such as whether a particular patent is valid and infringed. That assertion is dubious. As noted, regional circuits and even state courts are routinely called upon to resolve issues involving *Brulotte*. *See* pp. 2-3, *supra*. By contrast, questions involving patent validity or claim construction are channeled exclusively to this Court. *See, e.g.*, *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280 (Fed. Cir. 2024) (patent validity); *Express Mobile, Inc. v. GoDaddy.com, LLC*, 2025 WL 1013386 (Fed. Cir. Apr. 2, 2025) (claim construction).

More fundamentally, a test that turns on some vague sense of a patent-law issue's overall importance is highly undesirable. "[A]dministrative simplicity is a major virtue in a jurisdictional statute," as "[c]omplex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The need for administrative simplicity is even more pronounced in appeals involving the FAA, which was designed to "provide[] a streamlined process" for review and confirmation of arbitral awards. *Seneca Nation*, 988 F.3d at 625 (quotation marks omitted). Adopting a complex jurisdictional test that

requires the parties to devote significant resources to briefing jurisdiction—and that could lead to frequent transfers—would "frustrate the basic purpose of arbitration, which is to dispose of disputes quickly and avoid the expense and delay of extended court proceedings." *STMicrolectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011) (quotation marks and brackets omitted).

It would be especially undesirable and wasteful to adopt a complex jurisdictional test in FAA appeals because the merits of such appeals are almost always easy. Circuits like the Second Circuit that continue to recognize a "manifest disregard" ground for vacatur have been careful to limit that doctrine's scope to avoid interfering with the FAA's efficiency-promoting objectives. A court may set aside an arbitral award only if the petitioner "clearly demonstrates that the panel intentionally defied the law," which is not possible if there is a "barely colorable" justification for the decision. *Id.* at 78-79 (quotation marks omitted). Unsurprisingly then, vacatur based on manifest disregard is "exceedingly rare." *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019). This Court should reject a jurisdictional test that would produce complex, burdensome disputes over which court of appeals gets to affirm judgments rejecting obviously meritless FAA petitions.

## CONCLUSION

The Court lacks jurisdiction over this appeal and should accordingly transfer the appeal to the Second Circuit.

June 18, 2025

Respectfully submitted.

/s/ *Brian T. Burgess*
Brian T. Burgess
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000

Christopher T. Holding
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

*Counsel for Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

June 18, 2025 /s/ *Brian T. Burgess*

## CERTIFICATE OF COMPLIANCE

This brief complies with the Court's June 6, 2025 Order, ECF No. 66, because it is 13 pages in length, double spaced, and in a 14-point typeface..

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point Times New Roman, a proportionally spaced typeface.

June 18, 2025 /s/ *Brian T. Burgess*