**No. 2023-2374**

# United States Court of Appeals for the Federal Circuit

**ACORDA THERAPEUTICS, INC.,**
*Petitioner-Appellant*
v.
**ALKERMES PLC,**
*Respondent-Appellee*

Appeal from the District Court for the Southern District of New York in 1:23-cv-00223-NRB, Judge Naomi Reice Buchwald

## ACORDA'S SUPPLEMENTAL BRIEF IN SUPPORT OF JURISDICTION

Garrard R. Beeney
beeneyg@sullcrom.com
Stephen J. Elliott
elliotts@sullcrom.com
Morgan R. Knudtsen
knudtsenm@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
brunsb@sullcrom.com
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

June 18, 2025

## CERTIFICATE OF INTEREST

Counsel for Appellant Acorda Therapeutics Inc. certifies the following:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

   Acorda Therapeutics, Inc.

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

   None.

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. Fed. Cir. 47.4(a)(3).

   None.

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47(a)(4).

   John Samuel Gibson (DLA Piper LLP US) (appeared below)
   Michael A. Sitzman (DLA Piper LLP US) (appeared below)
   James Evan Berger (DLA Piper LLP US) (appeared below)
   Joshua Shu Wan (DLA Piper LLP US) (appeared below)
   Tracy Block (DLA Piper LLP US) (appeared below)

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

   None.

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal

cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None.

Dated: New York, New York
June 18, 2025

*<u>/s/ Garrard R. Beeney</u>*
Garrard R. Beeney
Stephen J. Elliott
Morgan R. Knudtsen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 3

III. ARGUMENT .......... 5

A. The Federal Circuit Has Jurisdiction Over Cases That Raise a Substantial Question of Federal Patent Law .......... 5

1. A Question Is "Substantial" If It Is a Pure Question of Law Whose Resolution May Impact The Development of a Uniform Body of Patent Law .......... 6

2. The Patent Law Claims Raised by the Petition Are Substantial .......... 8

a. The Remedy Question is Substantial .......... 9

b. The Preemption Question is Substantial .......... 10

B. Taking Jurisdiction Over Acorda's Appeal Would Not Open the Court to a Multitude of Arbitration Cases .......... 12

IV. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alps S., LLC* v. *Shumaker, Loop & Kendrick, LLP*,
No. 2018-1717, 2018 WL 4522168 (Fed. Cir. June 14, 2018) (unpublished) ....14

*AntennaSys, Inc.* v. *AQYR Techs., Inc.*,
976 F.3d 1374 (Fed. Cir. 2020) ....14

*Ares Trading S.A.* v. *Dyax Corp.*,
114 F.4th 123 (3d Cir. 2024) ....15

*Badgerow* v. *Walters*,
142 S. Ct. 1310 (2022) ....6

*Bayer CropScience AG* v. *Dow Agrosciences LLC*,
680 F. App'x 985 (Fed. Cir. 2017) (nonprecedential) ....5, 9

*Bonito Boats, Inc.* v. *Thunder Craft Boats, Inc.*,
489 U.S. 141 (1989) ....2

*Bright Data Ltd.* v. *BI Sci. (2009) Ltd.*,
No. 2020-2118, 2023 WL 5605658 (Fed. Cir. Aug. 30, 2023) (unpublished) ....13

*C.R. Bard, Inc.* v. *Atrium Med. Corp.*,
112 F.4th 1182 (9th Cir. 2024),
*cert. denied*, No. 24-1143, 2025 WL 1549867 (U.S. June 2, 2025) ....15

*Chandler* v. *Phoenix Services LLC*,
1 F.4th 1013 (Fed. Cir. 2021) ....14

*Christianson* v. *Colt Indus. Operating Corp.*,
486 U.S. 800 (1988) ....5

*DiRussa* v. *Dean Witter Reynolds Inc.*,
121 F.3d 818 (2d Cir. 1997) ....4

*Flex-Foot, Inc.* v. *CRP, Inc.*,
238 F.3d 1362 (Fed. Cir. 2001) ....................................................................5, 9

*Gunn* v. *Minton*,
568 U.S. 251 (2013)..........................................................................................6, 11

*Tantaros* v. *Fox News Network, LLC*,
12 F. 4th 135 (2d Cir. 2021) ..........................................................................11

*Halligan* v. *Piper Jaffray, Inc.*,
148 F.3d 197 (2d Cir. 1998) ............................................................................3

*Immunocept, LLC* v. *Fulbright & Jaworski, LLP*,
504 F.3d 1281 (Fed. Cir. 2007) .........................................................................7

*Inspired Dev. Grp., LLC* v. *Inspired Products Grp., LLC*,
938 F.3d 1355 (Fed. Cir. 2019) ....................................................................6, 7

*Jang* v. *Boston Scientific Corp.*,
767 F.3d 1334 (Fed. Cir. 2014) .........................................................................7

*Kimble* v. *Marvel Ent.*, LLC,
576 U.S. 446 (2015)...................................................................................*passim*

*Lavery* v. *Pursuant Health*,
126 F.4th 1170 (6th Cir. 2025) ........................................................................15

*In re LG Elecs. Inc.*,
No. 2023-148, 2023 WL 8889854 (Fed. Cir. Dec. 26, 2023)
(unpublished) ..................................................................................................13

*Malone* v. *Toyota Motor Sales*,
No. 2024-1340, 2024 WL 1403641 (Fed. Cir. Apr. 2, 2024)
(nonprecedential) ............................................................................................13

*NeuroRepair, Inc.* v. *The Nath L. Grp.*,
781 F.3d 1340 (Fed. Cir. 2015) ....................................................................6, 8

*Park Plaza Hotel* v. *Loc. 217, Hotel & Rest. Workers' &*
*Bartenders Union*,
No. CIV. N-89-183, 1990 WL 178880 (D. Conn. Aug. 21, 1990) ......................4

*Polidi* v. *Lee*,
784 F. App'x. 778 (Fed. Cir. 2019) (nonprecedential)....................................13

*Scott Paper Co.* v. *Marcalus Mfg. Co.*,
326 U.S. 249 (1945)............................................................................................9

*Sgromo* v. *Scott*,
No. 2021-1106, 2022 WL 378669 (Fed. Cir. Feb. 8, 2022)
(unpublished) ......................................................................................................14

*Suppes* v. *Katti*,
710 F. App'x 883 (Fed. Cir. 2017) (nonprecedential) .......................................11

*U.S. Valves, Inc.* v. *Dray*,
212 F.3d 1368 (Fed. Cir. 2000) ...........................................................................7

*United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*,
484 U.S. 29 (1987)..............................................................................................4

*Vermont* v. *MPHJ Tech. Invs., LLC*,
803 F.3d 635 (Fed. Cir. 2015) ...........................................................10, 11, 12

*Xitronix Corp.* v. *KLA-Tencor Corp.*,
882 F.3d 1075 (Fed. Cir. 2018) ...........................................................................7

*Zimmer Biomet Holdings, Inc.* v. *Insall*,
108 F.4th 512 (7th Cir. 2024) ...........................................................................15

**Statutes**

9 U.S.C. § 203 ......................................................................................................3

28 U.S.C. §1295(a)(1)...................................................................................*passim*

28 U.S.C. § 1332(a)(2)..........................................................................................3

35 U.S.C. § 154(a)(2)..........................................................................................12

Fla. Stat. § 725.04 (2012)......................................................................................12

Pursuant to the Court's June 6, 2025 Order ("Order"), Plaintiff-Appellee Acorda Therapeutic's Inc. ("Acorda") submits this Supplemental Brief on the issue of the Court's jurisdiction to hear this appeal. ECF No. 66.

## I. INTRODUCTION

The Court's Order directed additional briefing on jurisdiction over this appeal, including "the practical consequences" of finding jurisdiction in this Court. It asked "what . . . sound and workable distinctions" exist "between this case and a range of other cases in which parties to arbitrations seek to confirm, vacate, and/or modify an award involving patent issues." Order at 2.

Preliminarily, existing precedent limits the Court's 28 U.S.C. § 1295(a)(1) "arising under" jurisdiction to "substantial questions of patent law" raised in a district court petition to confirm, vacate or modify an arbitration decision. Here, this Court has jurisdiction because deciding this appeal necessarily requires it to resolve substantial questions of patent law set out in Acorda's Petition. As shown below, cases that raise substantial questions can be soundly and workably distinguished from "run of the mill" arbitration decisions that should be addressed by the regional circuits through consideration of several factors, including whether the case (i) raises a pure question of patent law in the petition to the district court; (ii) has implications for the patent system as a whole; (iii) addresses a district court precedent that may

be used by others; (iv) creates the specter of inconsistent determinations and lack of uniformity; and (v) does not require resolution of state law.

This appeal raises two substantial questions of patent law that must be resolved to determine whether the district court erred in dismissing the Petition: (1) whether *Brulotte* and *Kimble* provide "clear guidance on whether royalties that have already been paid under offending contracts are recoverable," Appx16, and (2) whether the Supremacy Claims permits state law to limit recovery of illegally paid royalties, Appx19.

Each is a pure question of law because this case comes to the Court with all of the underlying factual issues decided and unchallenged—a *Brulotte* violation found, the relevant contracts held unenforceable, and restitution identified as an appropriate remedy. What remains is only whether federal patent law clearly requires full restitution of post-expiration royalties, and whether a patchwork of state laws may limit that restitution. In these circumstances, declining jurisdiction would frustrate this Court's mandate to "provide nationwide uniformity in patent law." *Bonito Boats, Inc.* v. *Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989).

This case is readily distinguished from "run of the mill" arbitration appeals, and relying on the factors identified above to assess jurisdiction should insulate the Court from being overwhelmed by such cases. As a threshold matter, the number of infringement or validity arbitrations that result in district court petitions to vacate or

modify is small. More importantly, such cases are unlikely to meet the conditions outlined above and thus will not present "substantial" questions. These cases generally are tied to a specific factual context involving particular patents, claims, accused products, and prior art, and do not present pure questions of law. They rarely implicate the uniformity of the patent laws since they do not question what the law is, but rather how it is applied to particular facts. Thus, while resolution is important to the parties themselves, it does not implicate this Court's jurisdiction.

## II. BACKGROUND

Acorda's Petition invoked federal question jurisdiction under 9 U.S.C. § 203 and sought modification of an award rendered in a New York Convention arbitration. The Petition also noted that the district court had diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Importantly, the Petition raised pure questions of patent law, specifically noting that the Tribunal supplemented and circumvented federal law with state law. Appx77-78. Moreover, the accompanying memorandum of law set out in detail how the Tribunal manifestly disregarded clear federal law established by *Brulotte* and *Kimble*. Appx112-119.

In the Second Circuit, "to modify or vacate an award [for manifest disregard], a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Halligan* v. *Piper*

*Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir. 1998); Appx110. An arbitral award may also be vacated or modified where it "would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 43 (1987) (quotations omitted). Consequently, courts "may vacate an arbitration award which contravenes public policy" or otherwise "conflicts with 'laws and legal precedents.'" *Park Plaza Hotel* v. *Loc. 217, Hotel & Rest. Workers' & Bartenders Union*, No. CIV. N-89-183, 1990 WL 178880, at *3 (D. Conn. Aug. 21, 1990); *see also DiRussa* v. *Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir. 1997) (manifest disregard permits modification of arbitral award). Unlike manifest disregard, Acorda's public policy arguments, *see, e.g.*, Appx92, Appx113, Appx115, are applied without deference to the Tribunal. *See United Paperworkers Int'l Union*, 484 U.S. at 42.

Here, the arbitration panel (the "Tribunal") determined that the agreements at issue violated *Brulotte*, and that Acorda was entitled to recover royalties it had paid following expiration of the patent. Appx40-42. Nevertheless, the Tribunal limited Acorda's restitution by applying a state law limitation on damages. Appx49-52. Thus, as the Petition and its accompanying memorandum made clear, in order to determine whether the Tribunal manifestly disregarded the law, the district court was necessarily required to determine whether the federal patent laws plainly prohibited

Alkermes from "leveraging . . . its expired patent to obtain royalties," Appx92, at ¶ 44, and whether the Supremacy Clause prohibited the Tribunal from invoking the New York Voluntary Payment Doctrine to limit restitution, effectively "extend[ing] the life of the '938 Patent beyond its federally-prescribed term." Appx119. These are substantial questions of patent law that should be resolved by this Court.

## III. ARGUMENT

### A. The Federal Circuit Has Jurisdiction Over Cases That Raise a Substantial Question of Federal Patent Law.

This Court has "exclusive jurisdiction . . . in any civil action arising under . . . any Act of Congress relating to patents[.]" 28 U.S.C.§ 1295(a)(1). A civil action arises under the patent laws, *inter alia*, where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson* v. *Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988); *see also Bayer CropScience AG* v. *Dow Agrosciences LLC*, 680 F. App'x 985, 991, 996 (Fed. Cir. 2017) (nonprecedential) (resolution of *Brulotte* questions in complaint seeking confirmation of arbitral decision were both "necessar[y]" to the claim for relief and "substantial"); *Flex-Foot, Inc.* v. *CRP, Inc.*, 238 F.3d 1362 (Fed. Cir. 2001) (Court's substantial question jurisdiction includes consideration of an arbitral award).

### 1. A Question Is "Substantial" If It Is a Pure Question of Law Whose Resolution May Impact The Development of a Uniform Body of Patent Law.

In *Gunn* v. *Minton*, the Supreme Court held that a patent issue is "substantial" if the issue is "importan[t] . . . to the federal system as a whole." 568 U.S. 251, 260 (2013). In *Inspired Dev. Grp., LLC* v. *Inspired Prods. Grp., LLC*, this Court explained an issue may be "substantial" if it raises a pure issue of federal law that is dispositive of the case and resolution of the issue will control other cases. 938 F.3d 1355, 1364 (Fed. Cir. 2019). The Court also explained that "the touchstone for 'substantiality' is whether allowing state courts to resolve the case would undermine 'the development of a uniform body of [patent] law.'" *Id.*; *see also NeuroRepair, Inc.* v. *The Nath L. Grp.*, 781 F.3d 1340, 1345 (Fed. Cir. 2015) (applying *Gunn*, a federal issue is likely to be substantial if (i) it is a pure issue of federal law; and (ii) it is important to the development of uniform patent laws because resolution could "control 'numerous [similar] cases.'").[1]

---

[1] At oral argument, the Court asked whether *Badgerow* v. *Walters*, 596 U.S. 1 (2022), limited the Court's jurisdiction. It does not. *Badgerow* held that federal courts should look to the district court petition to determine their jurisdiction over an application to confirm or vacate an arbitral award, rather than to the underlying arbitration. 142 S. Ct. at 1316. *Badgerow* thus applies only to the first step of the substantiality analysis—it establishes that this Court should look to the Petition, rather than the dispute in the underlying arbitration, to determine jurisdiction. Alkermes never asserted that *Badgerow* limited the Court's jurisdiction.

Moreover, the potential specter of "inconsistent judgments between a regional circuit and the Federal Circuit," and the resulting "serious uncertainty" as to whether a district court would follow the regional circuit in which it sits or the Federal Circuit on "substantial" questions, is sufficient to warrant the exercise of this Court's jurisdiction. *Jang* v. *Boston Scientific Corp.*, 767 F.3d 1334, 1338 (Fed. Cir. 2014). And, where that risk is "remote" because a state court can neither "invalidate patents" nor have "precedential effect on a district court," this Court may properly decline jurisdiction over the case. *Inspired Dev. Grp., LLC*, 938 F.3d at 1365 (no subject matter jurisdiction over state law unjust enrichment claim).

This Court may also find a substantial question of federal patent law where resolution of a patent law question is dispositive of the state law cause of action. *See Immunocept, LLC* v. *Fulbright & Jaworski, LLP*, 504 F.3d 1281, 1285 (Fed. Cir. 2007) (substantial issue exists where proof of claim scope was necessary to prevail on state law claim); *U.S. Valves, Inc.* v. *Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (jurisdiction where plaintiff must prove infringement to show contract breach).

On the other hand, where the patent law question is not dispositive, this Court may decline jurisdiction. For example, in *Xitronix Corp.* v. *KLA-Tencor Corp.*, this Court transferred the case to the Fifth Circuit because even though "a determination of the alleged misrepresentations . . . [would] almost certainly require some application of patent law," resolution of the appeal did not turn on a federal patent

law question. 882 F.3d 1075, 1077-78 (Fed. Cir. 2018). Thus, resolution by "the regional circuits [would] not undermine [this Court's] uniform body of patent law." *Id.* at 1078*; see also NeuroRepair, Inc.*, 781 F.3d at 1346 (Fed. Cir. 2015) (declining 28 U.S.C. § 1338 jurisdiction where patent law issues were "not even the most significant part of the state law causes of action" and were not dispositive of case).

In sum, these cases establish a number of factors that can be invoked as touchstones to ensure that this Court's exercise of jurisdiction is limited to cases that raise substantial questions of patent law that it alone should decide. As discussed above, these factors include whether the case (i) is determined by a pure question of patent law identified in the district court petition; (ii) has implications for the patent system as a whole; (iii) addresses a precedent in the district court determination that may be used by others; (iv) creates the specter of inconsistent determinations and lack of uniformity; and (v) does not require resolution of state law.

2. The Patent Law Claims Raised by the Petition Are Substantial.

Acorda's Petition sought modification of the award because the Tribunal manifestly disregarded clear federal patent law prohibiting a patent owner from receiving "benefits," after patent expiration, *Kimble* v. *Marvel Ent.*, *LLC*, 576 U.S. 446, 463 (2015), and "allow[ing] state law to preempt federal law and public policy," Appx115. Acorda's right to relief thus raised two independent and substantial questions of patent law: the consequences of patent expiration and preemption.

a. <u>The Remedy Question is Substantial.</u>

The relief requested in the Petition required the court to determine whether *Brulotte* and *Kimble* clearly require full restitution as a remedy for a *Brulotte* violation or whether, under state law, a patentee may keep royalties for use of its patent post-expiration. This is a pure legal question independent of the facts of this (or any) case. As the Supreme Court has explained, questions involving the "legal consequences of the expiration of a patent" and the "answers to" those questions are "federal questions . . . derived from the patent laws and the policies which they adopt." *Scott Paper Co.* v. *Marcalus Mfg. Co.*, 326 U.S. 249, 255 (1945).

This Court has found questions regarding the remedies available under the patent laws to be sufficiently "substantial" to exercise jurisdiction, including in the context of confirming an arbitration award. *See Bayer*, 680 F. App'x at 991, 995 (whether arbitration panel's damages award was "partially unenforceable because it violate[d] U.S. patent-law limits on the recovery of post-expiration royalties for practicing a patent" was "necessarily raised" and "substantial"); *Flex-Foot, Inc.*, 238 F.3d at 1364 (exercising jurisdiction over decision confirming an arbitral award).

In addition, resolution of this question is important to the development of a uniform body of patent law. As a controlling statement that patent law prohibits retention of illegally received royalties, the decision would necessarily inform *every Brulotte* case in which damages are sought. The Court's decision would have

"considerable significance beyond the current case" because it would correct the district court's determination that the law on retention of such royalties was "not clear[]." Appx19; *see also*, *Vermont* v. *MPHJ Tech. Invs., LLC*, 803 F.3d 635, 646 (Fed. Cir. 2015).

Moreover, as a practical matter, affirming the district court's determination that *Brulotte* and *Kimble* do not clearly require restitution would allow patent owners to retain windfalls from conduct that is indisputably contrary to patent law and policy. Allowing these issues to be decided by the regional circuits would foster a patchwork of inconsistent remedies for *Brulotte* violations and encourage parties to try to avoid the clear rule of *Brulotte* that "all patents, and all benefits from them, must end when their terms expire." *Kimble*, 576 U.S. at 463. Application of various state laws would lead to inconsistent results for a violation of federal patent law—just what this Court was established to prevent.

b. The Preemption Question is Substantial.

The Petition raised a second purely legal question: whether *Brulotte*'s right to restitution preempts state law limitations on damages.

This Court has repeatedly concluded that whether federal patent law preempts state law is a substantial question sufficient to confer jurisdiction. In *Vermont* v. *MPHJ Tech. Invs.*, for example, this Court concluded it had jurisdiction over a claim alleging that state law—the Vermont Consumer Protection Act—was preempted by

federal patent law. 803 F.3d at 643, 646 (Federal Circuit has "jurisdiction over a complaint alleging that the state law is preempted by patent laws.") This result makes sense because "[p]roving preemption . . . necessarily require[s] proving that the patent laws *preclude enforcement of*" the state law. *Id.* at 646 (emphasis added). Because *MPHJ's* "right to relief" necessarily "depend[ed] on" a "disputed" issue of patent law, this Court exercised jurisdiction. *Id.* Similarly, in *Suppes* v. *Katti*, this Court confirmed that whether a federal statute "preempts assignment contracts which allow for the assignment of inventions prior to any effort to seek a patent on those inventions," warranted the exercise of Federal Circuit jurisdiction because the "issue is actually disputed" and "substantial to the resolution of [the] appeal."[2] 710 F. App'x 883, 887 (Fed. Cir. 2017) (nonprecedential).

Confirming that *Brulotte* clearly requires restitution and preempts state laws intended to limit damages would promote the "'development of a uniform body of [patent] law.'" *Gunn*, 568 U.S. at 261 (alteration in original). In contrast, affirming the district court decision undermines that goal, and instead allows the remedies available under the federal patent laws to enforce patent policy to be determined on a state-by-state, and circuit-by-circuit basis. *See Vermont*, 803 F.3d at 646 (state

---

2 The Second Circuit has also concluded that whether federal law will have a "preemptive effect" is necessarily "purely legal" and a substantial question under *Gunn*. *Tantaros* v. *Fox News Network, LLC*, 12 F. 4th 135, 146 (2d Cir. 2021).

court resolution of preemption questions would necessarily "undermine[] 'the development of a uniform body of [patent] law'" (alteration in original)). In finding that federal law was "not clear[]," Appx19, *see also* Appx16-17, the district court created legal precedent that may be used by others to sidestep the temporal limitations of patent rights set out in *Kimble* and *Brulotte* by their choice of law in a license agreement. For example, selecting New York law would limit recovery for a *Brulotte* violation while selecting Florida law, which lacks a voluntary payment doctrine, would not, *see* Fla. Stat. § 725.04 (2012).

The district court's decision also encourages parties to craft structures or, as here, use business pressure, to require payment of post-expiration royalties, undermining the fundamental principle of 35 U.S.C. § 154(a)(2) and *Brulotte* that benefits from a patent must end when the patent expires and that the invention is then free for all to use. *See Kimble*, 576 U.S. at 463.

### B. Taking Jurisdiction Over Acorda's Appeal Would Not Open the Court to a Multitude of Arbitration Cases.

Exercising jurisdiction over Acorda's appeal—or any appeal that meets the criterion discussed herein would not significantly expand the Court's jurisdiction.

As a threshold matter the number of arbitration decisions relating to patent issues is likely to be small. For example, according to data from the World Intellectual Property Organization Arbitration and Mediation Center, one of the largest intellectual property arbitration services, in the period from 2015-2024,

patent arbitrations made up only 12% of the more than 3,700 disputes referred to the organization—and North American disputes made up only 13% of those matters.[3]

And even out of this small subset of potential appeals, this Court's jurisdiction has rarely been invoked to confirm, vacate, or modify an arbitral award. Indeed, since *Badgerow*, the Federal Circuit has only heard three cases invoking its jurisdiction under 28 U.S.C. § 1295(a)(1) to review an arbitral award. In two of those cases this Court concluded it had jurisdiction. *Bright Data Ltd.* v. *BI Sci. (2009) Ltd.*, No. 2020-2118, 2023 WL 5605658, at *2 (Fed. Cir. Aug. 30, 2023) (unpublished) (jurisdiction over district court judgment regarding arbitration award); *In re LG Elecs. Inc.*, No. 2023-148, 2023 WL 8889854, at *2 (Fed. Cir. Dec. 26, 2023) (unpublished) (jurisdiction to review petition for mandamus directing district court to grant motion to disqualify counsel). In only one of those cases did this Court conclude that it lacked jurisdiction. *See Malone* v. *Toyota Motor Sales*, No. 2024-1340, 2024 WL 1403641, at *1 (Fed. Cir. Apr. 2, 2024) (nonprecedential).

Moreover, the Court would continue to decline jurisdiction over cases that "fail[] to raise any *substantial* issue of patent law that is necessary for the disposition of the case." *Polidi* v. *Lee*, 784 F. App'x. 778, 780 (Fed. Cir. 2019) (nonprecedential) (emphasis added). Indeed, the Court has repeatedly declined

---

[3] See World Intellectual Property Organization, WIPO Caseload Summary, https://www.wipo.int/amc/en/center/caseload.html (accessed June 12, 2025).

jurisdiction over cases that do not require resolution of a substantial question of patent law. *See, e.g.*, *AntennaSys, Inc.* v. *AQYR Techs., Inc.*, 976 F.3d 1374, 1382 (Fed. Cir. 2020) (declined jurisdiction over a patent infringement case because infringement is necessarily "fact-bound and situation specific" and the case did not permit "a context-free interpretation of a patent statute."); *Alps S., LLC* v. *Shumaker, Loop & Kendrick, LLP*, No. 2018-1717, 2018 WL 4522168, at *3 (Fed. Cir. June 14, 2018) (unpublished) (Court lacked jurisdiction where any impact of the decision "would be limited to the patents and those parties" and would not affect the uniformity of patent laws); *Chandler* v. *Phoenix Services LLC*, 1 F.4th 1013, 1018 (Fed. Cir. 2021) (no jurisdiction where resolution of the patent law question "would not 'change the real-world result of the prior federal patent litigation'"); *Sgromo* v. *Scott*, No. 2021-1106, 2022 WL 378669 (Fed. Cir. Feb. 8, 2022) (unpublished) (Court lacked jurisdiction because case did not raise a patent law question *necessary* to decide the appeal, where the appellant failed to challenge district court finding that he "did not own the patents" at issue).

As touchstones to confirm its jurisdiction over cases raising substantial questions of patent law, the Court may consider the criterion discussed herein to ensure that its jurisdiction is exercised only in cases that raise substantial questions of federal patent law. *See supra* at 1-2, 8.

Limiting the Court's exercise of jurisdiction in this way is also consistent with the analysis used by the regional circuits, providing additional assurance about the limited nature of the Court's jurisdiction over cases that do not present a substantial question of federal patent law. In *Zimmer Biomet Holdings, Inc.* v. *Insall*, for example, the Seventh Circuit held that it had jurisdiction because the arbitrators determined, as a matter of state contract law, "that the royalty payments in question were *not* grounded in any patent rights" and, thus, its decision would not implicate federal patent law. 108 F.4th 512, 520 (7th Cir. 2024). Similarly, in *Ares Trading S.A.* v. *Dyax Corp.*, the Third Circuit retained jurisdiction because *Brulotte* (and federal patent law) was "not implicated" where a contract interpreted under state law did not require payment of post-patent expiration royalties. 114 F.4th 123, 143 (3d Cir. 2024); *see also Lavery* v. *Pursuant Health, Inc.*, 126 F.4th 1170, 1174 (6th Cir. 2025) (question "involve[d] state law from start to finish and . . . d[id] not turn on the meaning of patent law[]"); *C.R. Bard, Inc.* v. *Atrium Med. Corp.*, 112 F.4th 1182, 1192-93 (9th Cir. 2024), *cert. denied*, No. 24-1143, 2025 WL 1549867 (U.S. June 2, 2025) (Ninth Circuit had jurisdiction to decide whether the terms of license "provide[d] royalties for post-expiration use of a patent." (quotations omitted)).

## IV. CONCLUSION

For the foregoing reasons, and those set out in Acorda's prior briefs, Acorda respectfully asks this Court to exercise jurisdiction over this appeal.

Dated: New York, New York
June 18, 2025

*/s/ Garrard R. Beeney*
Garrard R. Beeney
Stephen J. Elliott
Morgan R. Knudtsen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the requirements set out in the Court's Order, dated June 6, 2025, because excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 27(d), it is no more than 15 pages in length. It complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point Times New Roman, a proportionally spaced typeface.

Dated: New York, New York
June 18, 2025

*/s/ Garrard R. Beeney*
Garrard R. Beeney