**No. 2023-2374**

---

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

**ACORDA THERAPEUTICS, INC.,**

*Petitioner-Appellant,*

**v.**

**ALKERMES PLC,**

*Respondent-Appellee.*

---

On Appeal from a Final Decision of the
U.S. District Court for the Southern District of New York,
No. 1:23-cv-00223-NRB

---

# APPELLEE'S RESPONSIVE SUPPLEMENTAL BRIEF ON JURISDICTION

---

Brian T. Burgess
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000

Christopher T. Holding
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

June 27, 2025

*Counsel for Appellee*

## CERTIFICATE OF INTEREST

Counsel for Appellee certifies the following:

**1.** **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

Alkermes PLC

**2.** **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

Alkermes Pharma Ireland Limited

**3.** **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. Fed. Cir. R. 47.4(a)(3).

Alkermes Ireland Holdings Limited

Alkermes PLC

BlackRock, Inc.

**4.** **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

Jeffrey Simes; Louis Lobel (Goodwin Procter LLP)

David Hille (White & Case LLP)

**5.** **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

No.

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None.

June 27, 2025

/s/ *Brian T. Burgess*
Brian T. Burgess

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1
ARGUMENT ..... 3
I. Acorda's position improperly disregards the FAA standard of review. ..... 3
II. There is no principled and administrable way to exercise jurisdiction here without extending jurisdiction to arbitration appeals raising "run of the mill" patent-law disputes. ..... 8
III. Federal Circuit precedent reviewing arbitral decisions does not support jurisdiction under section 1295. ..... 11
CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Alps S., LLC v. Shumaker, Loop & Kendrick LLP*,
2018 WL 4522168 (Fed. Cir. Jun. 14, 2018) (unpublished) ................................9

*Antenna Sys., Inc. v. AQYR Technologies, Inc.*,
976 F.3d 1374 (Fed. Cir. 2020) ......................................................................9, 10

*Ares Trading S.A. v. Dyax Corp.*,
114 F.4th 123 (3d Cir. 2024) ..........................................................................10

*Bayer CropScience AG v. Dow Agrosciences LLC*,
680 F. App'x 985 (Fed. Cir. 2017) ...............................................................12, 13

*Bright Data Ltd. v. BI Sci. (2009) Ltd.*,
2023 WL 5605658 (Fed. Cir. Aug. 30, 2023) (unpublished) ............................12

*DiRussa v. Dean Witter Reynolds Inc.*,
121 F.3d 818 (2d Cir. 1997) ..........................................................................6, 7

*Flex-Foot, Inc. v. CRP, Inc.*,
238 F.3d 1362 (Fed. Cir. 2001) ...................................................................12, 13

*Friedler v. Stifel, Nicolaus & Co., Inc.*,
108 F.4th 241 (4th Cir. 2024) .....................................................................*passim*

*Gunn v. Minton*,
568 U.S. 251 (2013)........................................................................................5, 9

*Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*,
938 F.3d 1355 (Fed. Cir. 2019) ..........................................................................9

*In re LG Elecs. Inc.*,
2023 WL 8889854 (Fed. Cir. Dec. 26, 2023) (unpublished) ............................12

*McCarthy v. Int'l Boundary & Water Comm'n*,
497 F. App'x 4 (Fed. Cir. 2012) (nonprecedential) .............................................6

*NeuroRepair, Inc. v. Nath Law Grp.*,
781 F.3d 1340 (Fed. Cir. 2015) ..........................................................................9

*Seneca Nation of Indians v. New York*,
988 F.3d 618 (2d Cir. 2021) ..........2

*Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*,
57 F.4th 372 (2d Cir. 2023) ..........4

*Smith v. Spizzirri*,
601 U.S. 472 (2024)..........12

*United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*,
484 U.S. 29 (1987)..........7

*United States v. Kandic*,
134 F.4th 92 (2d Cir. 2025) ..........6

*Vermont v. MPHJ Tech. Invs., LLC*,
803 F.3d 635 (Fed. Cir. 2015) ..........4, 5

*Zimmer Biomet Holdings, Inc. v. Insall*,
108 F.4th 512 (7th Cir. 2024) ..........7

**STATUTES:**

28 U.S.C. § 1295(a) ..........8, 11

28 U.S.C. § 1338(a) ..........8, 12

## INTRODUCTION

Alkermes argued in its supplemental brief that Acorda's approach to jurisdiction in appeals under the Federal Arbitration Act ("FAA") is unworkable because its test turns on vague and subjective questions. Alkermes Supp. Br. 3-4, 11-13. Acorda's own brief confirms the problem. Trying to assure the Court it can exercise jurisdiction here without sweeping in "'run of the mill' arbitration decisions," Acorda puts forward a five-part test with several eye-of-the-beholder factors, such as whether the appeal "has implications for the patent system" or addresses a precedent "that may be used by others." Acorda Supp. Br. 1-2. This vague test guarantees frequent motion practice and regular transfers in FAA appeals, adding time and expense to what Congress intended to be a streamlined process. By contrast, the test Alkermes proposed, grounded in the recent *Friedler* decision in the Fourth Circuit, provides a clean and easily administrable rule that is consistent with the principles limiting this Court's jurisdiction and advances the policies of the FAA.

Compounding the problems inherent in Acorda's flawed jurisdictional test, Acorda's attempt to use that test to defend Federal Circuit jurisdiction here underscores its unpredictability because Acorda applies the factors it identifies in implausible ways. For example, Acorda insists that exercising jurisdiction is needed to promote the uniform development of patent law because allowing "regional circuits" to address the scope of remedies required by *Brulotte* "would foster a patchwork."

Acorda Supp. Br. 10. But as Alkermes has explained (Supp. Br. 7), this FAA appeal provides no occasion to develop the law related to *Brulotte* and remedies: the judicial task is limited to evaluating whether the arbitration panel flouted directly controlling existing precedent that was clearly presented to the panel (something it plainly did not do). *E.g.*, *Seneca Nation of Indians v. New York*, 988 F.3d 618, 626 (2d Cir. 2021). Such narrow review considers federal patent law "in only the most cursory sense." *Friedler v. Stifel, Nicolaus & Co., Inc.*, 108 F.4th 241, 246 (4th Cir. 2024). Moreover, regional circuits regularly consider issues about *Brulotte*'s scope—both within and outside the context of FAA appeals—and will do so regardless of what this Court decides, because *Brulotte* issues often arise in defense to state-law contract claims or in declaratory judgment actions. Alkermes Supp. Br. 2-3; Acorda Supp Br. 15. Thus, the uniformity factor Acorda invokes counsels *against* Federal Circuit jurisdiction here because other circuits will inevitably decide *Brulotte* questions in cases that Acorda agrees lie outside this Court's jurisdiction.

At bottom, Acorda's argument falls short because Acorda continues to minimize the importance of the FAA's highly limited review standard. But that standard is decisive—both for jurisdiction and, ultimately, the merits. An FAA petition alleging manifest disregard of patent law does not present a "substantial" federal-patent law issue because such review is inherently case-specific and narrow, with a court undertaking only "superficial review" of federal law. *Friedler*, 108 F.4th 241,

247-48. At a minimum, the Court should conclude that an FAA petition alleging manifest disregard of *Brulotte* does not raise a substantial patent-law question.

Alkermes will not repeat all of its arguments in favor of transfer to the Second Circuit in this brief. Rather, Alkermes will respond to certain of Acorda's arguments and otherwise rest on Alkermes's previous briefing.

## ARGUMENT

### I. Acorda's position improperly disregards the FAA standard of review.

The core problem with Acorda's position—both as to jurisdiction and the merits of its appeal—is that it does not seriously grapple with the narrow standard of review available under the FAA. Acorda persists in arguing that this case presents the questions whether (1) *Brulotte* and *Kimble* provide clear guidance on whether royalties paid under unenforceable contracts "are recoverable," and (2) "the Supremacy Cl[ause] permits state law to limit recovery of illegally paid royalties." Acorda Supp. Br. 2. But under the FAA, those are *not* the questions before the Court. Rather, a federal court may assess only whether the arbitral panel manifestly disregarded clear law by concluding that Acorda's state-law restitution claim is subject to generally applicable state-law limits on equitable relief—rather than inventing a federal common-law remedy that no court has ever recognized or imposing an unprecedented federal preemption restriction on the New York Voluntary Payment

Doctrine that Acorda never pressed to the arbitration panel.[1] This Court (or the Second Circuit) must affirm the decision below so long as the Tribunal had "a barely colorable justification" for its decision, *even if* the reviewing court would have answered the legal question differently under de novo review. *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 383 (2d Cir. 2023).

Precision on this point is important because it undercuts Acorda's assertions that the appeal presents "substantial" questions of patent law. Acorda relies on case law indicating generally that issues related to patent remedies or federal preemption may be substantial for purposes of jurisdiction. *See* Acorda Supp. Br. 5-8. But the question is not whether such issues could be substantial in the abstract—it is whether they are substantial *here*, where the Court is limited to evaluating whether the arbitration panel's restitution decision manifestly disregarded directly applicable and clearly presented law. For the reasons Alkermes has explained, they are not. *See* Alkermes Supp. Br. 4-8.

With attention focused on the FAA context, a decision like *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635 (Fed. Cir. 2015), offers no meaningful guidance. The preemption claim in *MPHJ Tech.* did not arise under the FAA or apply the

---

[1] As Alkermes has explained, manifest disregard is not even available as a ground to modify an arbitral award, as Acorda proposes to do here. Alkermes Resp. Br. 28-34. Alkermes accepts the applicability of manifest disregard only for purposes of evaluating jurisdiction.

"manifest disregard" standard of review. Rather, in *MPHJ Tech.*, the Court explained that the preemption issue presented—whether application of a state consumer protection law to prohibit a patent owner's demand letters was preempted by federal patent law—would have "considerable significance beyond the current case" by determining the "rights and privileges afforded to patentees" moving forward. *Id.* at 646. That is not true here. A claim for manifest disregard is "backward-looking," *id.* (quotation marks omitted), with the Court's task restricted to determining if the arbitrators deliberately ignored established and controlling law in resolving the parties' dispute through bargained-for private resolution. This type of review mirrors the legal-malpractice claims in *Gunn v. Minton*, 568 U.S. 251 (2013), where any embedded patent-law issue is invariably insubstantial because the claims, "by their nature," are "unlikely to have the sort of significance for the federal system necessary to establish jurisdiction." *Id.* at 259.

Acorda's belated attempt (Supp. Br. 4) to invoke the public policy exception to enforcement of an arbitral award does not affect the inquiry. To start, this ground was not asserted in Acorda's FAA petition or accompanying brief to the district court, Appx77-95, 96-119, making it irrelevant to jurisdiction.[2] Acorda also did not

[2] In its district court filings, Acorda argued that the arbitration panel had manifestly disregard federal law because it supposedly gave effect to an unenforceable royalty agreement by limiting Acorda's restitution award. It never raised "public policy" as an independent ground, cited any case law applying that standard, or

raise the argument in its opening appeal brief; it was first referenced in Acorda's reply (at 23), which comes too late to preserve an argument, *see e.g.*, *McCarthy v. Int'l Boundary & Water Comm'n*, 497 F. App'x 4, 11 n.2 (Fed. Cir. 2012) (nonprecedential) ("It is a general rule of appellate procedure that an appellant waives issues or arguments raised for the first time in a reply brief."); *United States v. Kandic*, 134 F.4th 92, 102-03 (2d Cir. 2025) ("We will not consider an argument raised for the first time in a reply brief." (citation omitted)).

In any event, the public policy exception has no relevance here. That "rarely-used" doctrine "derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 825 (2d Cir. 1997) (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 42 (1987)). It thus allows a court to "refuse to enforce an arbitration award," but "only when such enforcement would 'violate some explicit public policy that is well defined and dominant'" as established in "laws and legal precedents." *Id.* at 824-25 (quoting *Misco*, 484 U.S. at 43). Here, a court order "refus[ing] to enforce" the arbitral award, *id.* at 824, would not help Acorda. After all, Acorda moved *to enforce* the arbitral award, which

---

invoked the concept of de novo review. *See* Appx92, Appx113, Appx115 (cited in Acorda Supp. Br. 4). The Court should not indulge Acorda's attempt to reframe its arguments retroactively, which mirrors Acorda's efforts to inject a federal preemption issue into its FAA challenge that it never raised to the tribunal.

cancelled its prospective royalty obligations and granted Acorda over $16 million in restitution. *See* Appx78. Acorda identifies no precedent for using the public policy doctrine to modify an arbitral award, which extends far beyond a court merely refusing to "lend its aid" to enforcing an immoral or illegal act. *Misco*, 484 U.S. at 42; *see also Zimmer Biomet Holdings, Inc. v. Insall*, 108 F.4th 512, 516 (7th Cir. 2024) (explaining that the doctrine specifies that courts will "*refrain from enforcing* the arbitration award" if "a contract—as interpreted by the arbitrators—and the accompanying remedy or relief violate some explicit public policy" (emphasis added)).

Finally, even where the public policy doctrine is raised and properly invoked, the review allowed is just as circumscribed as under manifest disregard. Acorda insinuates otherwise by observing that public policy arguments are considered "without deference" (Acorda Supp. Br. 4), but the relevant standard requires the specific policy to "be well defined and dominant." *DiRussa*, 121 F.3d at 824-25 (quotation marks omitted); *see also Zimmer*, 108 F.4th at 519 (doctrine applicable only if an award "creates an explicit conflict with . . . well-established and easily discernible precedent"). As with manifest disregard, such review does not permit a court to develop new law or policy—by, for example, developing new rules on federal remedies or preemption not established by directly applicable precedent. The "cursory" consideration of federal law permitted does not present a substantial federal question. *Friedler*, 108 F.4th at 246.

## II. There is no principled and administrable way to exercise jurisdiction here without extending jurisdiction to arbitration appeals raising "run of the mill" patent-law disputes.

If this Court were to accept jurisdiction in this case (and Alkermes maintains that the Court should not do so), Alkermes respectfully submits that it would be preferable to do so by adopting a clear rule that FAA petitions alleging manifest disregard of patent law arise under patent law for purposes of 28 U.S.C. § 1338(a) and 28 U.S.C. § 1295(a). Such a holding would directly conflict with the Fourth Circuit's recent decision in *Friedler*, and it would meaningfully expand the Court's jurisdiction. *See* Alkermes Supp. Br. 9-10. But it would at least provide a clear rule that would avoid generating wasteful jurisdictional disputes in every FAA appeal that arguably implicates patent rights.

By contrast, Acorda persists in arguing (Supp. Br. 2-3) that the Court can exclude "run of the mill" arbitration disputes while exercising jurisdiction here, but Acorda provides no workable rule. Acorda invites the Court to evaluate the importance of a patent policy raised in an FAA appeal case by case. *See id.* at 8. But this approach would make the jurisdictional test unpredictable and lead to frequent motion practice and regular transfers if the appellant guesses wrong about the significance of its argument, as appellants will be incentivized to do. (What party would concede its patent-law argument is *not* important to the patent system?)

Acorda's framework for FAA appeals is analogous to asking courts confronting legal malpractice claims to decide case by case whether the embedded patent issue is important or "run of the mill." For good reason, the Supreme Court and this Court have avoided such an inquiry. *See Gunn*, 568 U.S. at 258 (holding that state legal malpractice claims based on patent matters "will rarely, if ever, arise under federal patent law"); *Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*, 938 F.3d 1355, 1367 (Fed. Cir. 2019) (recognizing the categorial nature of *Gunn* and explaining that "backward-looking" patent issues are insubstantial) (cited by Acorda Supp. Br. 6-7); *NeuroRepair, Inc. v. Nath Law Grp.*, 781 F.3d 1340, 1348-49 (Fed. Cir. 2015) (rejecting attempt to distinguish *Gunn* on its facts) (cited by Acorda Supp. Br. 6, 8); *Alps S., LLC v. Shumaker, Loop & Kendrick LLP*, 2018 WL 4522168, at *3 (Fed. Cir. Jun. 14, 2018) (unpublished) (same) (cited by Acorda Supp. Br. 14). The Court should adopt a similarly categorical approach for FAA appeals.

The case law that Acorda cites does not help clarify the dividing line that Acorda tries to draw between its appeal and more "run of the mill" disputes. Acorda suggests (Supp. Br. 14) that the Court may "declin[e] jurisdiction over a patent infringement case" if the infringement inquiry is "fact-bound and situation-specific," but Acorda mischaracterizes the decision it cites. In *Antenna Sys., Inc. v. AQYR Technologies, Inc.*, 976 F.3d 1374 (Fed. Cir. 2020), the Court concluded that the plaintiff's state-law would provide no independent basis for jurisdiction *if* the district

court dismissed the patent-infringement claim; the Court did not imply it could screen out patent-infringement claims from its jurisdiction. *Id.* at 1381-82. Acorda's other citations are equally confounding. Acorda endorses a decision declining jurisdiction where "resolution of the patent law question would not change the real-world result of" actual patent litigation. *See* Acorda Supp. Br. 14 (quotation marks omitted) (citing *Chandler v. Phoenix Servs. LLC*, 1 F.4th 1013, 1018 (Fed. Cir. 2021)). But that is also true of *this case*: the only patent at issue expired, and the non-enforceability of any prospective royalty obligation is undisputed on appeal.

Perhaps most confusingly, Acorda appears to endorse decisions from regional circuits that concluded "the enforceability of [a] royalty obligation under *Brulotte* is not a 'substantial' patent law issue." *Ares Trading S.A. v. Dyax Corp.*, 114 F.4th 123, 134 (3d Cir. 2024); *see* Acorda Supp. Br. 15 (citing *Ares* and several other regional circuit decisions exercising jurisdiction to address *Brulotte* claims). Acorda does not explain how these decisions can be reconciled with its contention that the Court should exercise jurisdiction here to avoid a "patchwork" of inconsistent circuit applications of *Brulotte*. Acorda Supp. Br. 10. Nor does Acorda offer any guidance for how courts should identify which subset of *Brulotte* issues count as substantial.

Finally, Acorda tries to minimize the problems created by its jurisdictional approach by arguing that the universe of "arbitration issues relating to patent issues is likely to be small." *Id.* at 12-13. But the data it cites is unconvincing. Acorda

refers to statistics from a single arbitration service, noting that "patent arbitrations" made up a relatively small percentage of disputes submitted to that one service. *Id.* at 13 & n.3. But the source Acorda cites does not define the meaning of a "patent" arbitration,[3] and it is unclear if the arbitration at issue here would even qualify—the Acorda-Alkermes arbitration arose from a state-law royalty contract dispute that did not address the validity or infringement of any patent. *See* Appx49-50. Acorda also ignores how broad jurisdictional rules could shape future incentives. Under its approach, parties seeking to invoke federal-court jurisdiction (and this Court's appellate jurisdiction) "could assert that the arbitrator 'manifestly disregarded'" patent policy "in every case" that even tangentially touches on patent rights. *Cf. Friedler*, 108 F.4th at 251 (Wilkinson, J., concurring). Even if this Court would reject jurisdiction in many or most of these cases, the burden on both the Court and the parties from case-by-case evaluation would be significant.

## III. Federal Circuit precedent reviewing arbitral decisions does not support jurisdiction under section 1295.

Contrary to Acorda's insinuations, there are no precedential decisions from this Court that support extending the Court's jurisdiction to appeals from FAA petitions alleging manifest disregard of patent law. Acorda notes two cases "since *Badgerow*" in which "this Court concluded it had jurisdiction." Acorda Supp. Br.

[3] *See WIPO Caseload Summary*, World Intellectual Property Organization, https://www.wipo.int/amc/en/center/caseload.html (last visited June 23, 2025).

13. But in both cases, jurisdiction existed because a suit for patent infringement was brought directly in district court, with later proceedings involving arbitration arising only after jurisdiction was established under 28 U.S.C. § 1338(a). *See Bright Data Ltd. v. BI Sci. (2009) Ltd.*, 2023 WL 5605658, at *1 (Fed. Cir. Aug. 30, 2023) (unpublished); *In re LG Elecs. Inc.*, 2023 WL 8889854, at *1 (Fed. Cir. Dec. 26, 2023) (unpublished). Indeed, one of the two cases (*In re LG Elecs.*), did not involve review of an arbitral award, but rather concerned a mandamus petition from the denial of a motion to disqualify counsel in the district court litigation. 2023 WL 8889854, at *1.

The same pattern holds for the two pre-*Badgerow* decisions that Acorda cites, *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362 (Fed. Cir. 2001), and *Bayer CropScience AG v. Dow Agrosciences LLC*, 680 F. App'x 985 (Fed. Cir. 2017) (nonprecedential). Acorda Supp. Br. 5. In both cases, the plaintiff initially filed suit for patent infringement in district court, with that proceeding stayed while the parties pursued arbitration before returning to court for confirmation. *Flex-Foot*, 238 F.3d at 1364; *Bayer CropScience*, 680 F. App'x at 988; *see also Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (recognizing the "mechanisms" created by the FAA "for courts with proper jurisdiction to assist parties in arbitration" by keeping the case on its docket). There was thus no serious question about this Court's jurisdiction because the "complaint expressly allege[d] multiple counts of patent infringement," *Bayer CropScience*, 680 Fed. App'x at 990-91, and the Court in *Flex-Foot* did not even discuss the issue. To

be sure, the Court in *Bayer CropScience* did suggest that jurisdiction could also be established based on the content of the FAA petition, which alleged that the arbitrator's decision in the parties' underlying patent-infringement and contract disputes manifestly disregarded patent law in several respects. 680 F. App'x at 991. Alkermes respectfully submits that this dicta from a pre-*Badgerow* non-precedential decision should not guide the Court. Moreover, the decision shows the illusory nature of Acorda's purported distinction between "run of the mill" arbitration cases involving patent issues and those that supposedly are of greater significance, as the Court in *Bayer CropScience* addressed and rejected the petition's arguments about patent validity as well as *Brulotte*. *Id.* at 994-96.

## CONCLUSION

The Court lacks jurisdiction over this appeal and should accordingly transfer the appeal to the Second Circuit.

June 27, 2025

Respectfully submitted.

/s/ *Brian T. Burgess*
Brian T. Burgess
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000

Christopher T. Holding
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

*Counsel for Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

June 27, 2025 /s/ *Brian T. Burgess*

## CERTIFICATE OF COMPLIANCE

This brief complies with the Court's June 6, 2025 Order, ECF No. 66, because it is 13 pages in length, double spaced, and in a 14-point typeface.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point Times New Roman, a proportionally spaced typeface.

June 27, 2025 /s/ *Brian T. Burgess*