**No. 2023-2374**

# United States Court of Appeals for the Federal Circuit

**ACORDA THERAPEUTICS, INC.,**
*Petitioner-Appellant*
v.
**ALKERMES PLC,**
*Respondent-Appellee*

Appeal from the District Court for the Southern District of New York in 1:23-cv-00223-NRB, Judge Naomi Reice Buchwald

## ACORDA'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF JURISDICTION

Garrard R. Beeney
beeneyg@sullcrom.com
Stephen J. Elliott
elliotts@sullcrom.com
Morgan R. Knudtsen
knudtsenm@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
brunsb@sullcrom.com
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

June 27, 2025

## CERTIFICATE OF INTEREST

Counsel for Appellant Acorda Therapeutics Inc. certifies the following:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

   Acorda Therapeutics, Inc.

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

   None.

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. Fed. Cir. 47.4(a)(3).

   None.

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47(a)(4).

   John Samuel Gibson (DLA Piper LLP US) (appeared below)
   Michael A. Sitzman (DLA Piper LLP US) (appeared below)
   James Evan Berger (DLA Piper LLP US) (appeared below)
   Joshua Shu Wan (DLA Piper LLP US) (appeared below)
   Tracy Block (DLA Piper LLP US) (appeared below)

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

   None.

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal

cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None.

Dated: New York, New York
June 27, 2025

*/s/ Garrard R. Beeney*
Garrard R. Beeney
Stephen J. Elliott
Morgan R. Knudtsen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

## TABLE OF CONTENTS

**Page**

**I.** INTRODUCTION ........................................ 1

**II.** ARGUMENT ........................................ 3

**A.** Alkermes's Proposed Rigid Approach Conflicts With This Court's Existing Precedent ........................................ 3

**1.** *Friedler* Does Not Support Alkermes's Rigid Rules ........................................ 4

**2.** Adopting Alkermes's Alternate, Never-*Brulotte* Rule Would Result in a Fragmented Body of Patent Law, Rather Than the Uniform Laws This Court Was Established to Promote ........................................ 8

a. *Brulotte*'s Right to Restitution Is a Substantial Question ........................................ 9

b. Whether Federal Patent Law Preempts State Law is a Substantial Question ........................................ 11

**B.** The Court Can Rely on Existing Precedent to Exercise Jurisdiction Over This Appeal ........................................ 12

**C.** Exercising Jurisdiction Here Is Neither Complex Nor Will It Open the Court to Every FAA Arbitration Case ........................................ 13

**III.** CONCLUSION ........................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ares Trading S.A.* v. *Dyax Corp.*,
114 F.4th 123 (3d Cir. 2024) ....................15

*Ascension Data & Analytics, L.L.C.* v. *Pairprep, Inc.*,
105 F.4th 749 (5th Cir. 2024), *cert. denied sub nom*, 145 S. Ct. 595, 220 L. Ed. 2d 232 (2024) ....................7

*Badgerow* v. *Walters*,
596 U.S. 1 (2022) ....................6

*Bayer CropScience AG* v. *Dow Agrosciences LLC*,
680 F. App'x 985 (Fed. Cir. 2017) (nonprecedential) ....................7

*Bonito Boats, Inc.* v. *Thunder Craft Boats, Inc.*,
489 U.S. 141 (1989) ....................4

*Design Gaps, Inc.* v. *Shelter*, *LLC*,
130 F.4th 143 (4th Cir. 2025) ....................5, 6

*DiRussa* v. *Dean Witter Reynolds Inc.*,
121 F.3d 818 (2d Cir. 1997) ....................13

*Flex-Foot, Inc.* v. *CRP, Inc.*,
238 F.3d 1362 (Fed. Cir. 2001) ....................7

*Friedler* v. *Stifel, Nicolaus & Co., Inc.*,
108 F.4th 241 (4th Cir. 2024) ....................*passim*

*Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g & Mfg.*,
545 U.S. 308 (2005) ....................1, 14

*Gunn* v. *Minton*,
568 U.S. 251 (2013) ....................*passim*

*Hursh* v. *DST Sys., Inc.*,
54 F.4th 561 (8th Cir. 2022) ....................7

*Inspired Dev. Grp., LLC* v. *Inspired Prods. Grp., LLC.*,
938 F. 3d 1355 (Fed. Cir. 2019) ....................12

*Jang* v. *Boston Sci. Corp.*,
767 F.3d 1334 (Fed. Cir. 2014) ....................3, 8

*Kinsella* v. *Baker Hughes Oilfield Operations, LLC*,
66 F.4th 1099 (7th Cir. 2023) ....................7

*Kimble* v. *Marvel Entm't,*
576 U.S. 446 (2015)....................*passim*

*Medtronic, Inc.* v. *Teleflex Innovations S.A.R.L.*,
68 F.4th 1298 (Fed. Cir. 2023) ....................13

*NeuroRepair, Inc.* v. *Nath L. Grp.*,
781 F.3d 1340 (Fed. Cir. 2015) ....................3

*Ortiz-Espinosa* v. *BBVA Sec. of P.R., Inc.*,
852 F.3d 36 (1st Cir. 2017)....................6

*Scott Paper Co.* v. *Marcalus Mfg. Co.*,
326 U.S. 249 (1945)....................9

*Suppes* v. *Katti*,
710 F. App'x 883 (Fed. Cir. 2017) (nonprecedential)....................11

*Tesla Motors, Inc.* v. *Balan*,
134 F.4th 558 (9th Cir. 2025) ....................7

*Tr. of N.Y. State Nurses Ass'n. Pension Plan* v. *White Oak Glob. Advisors, LLC*,
102 F.4th 572 (2d Cir. 2024) ....................7

*United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*,
484 U.S. 29 (1987)....................13

*Vermont* v. *MPHJ Tech. Invs.*,
803 F.3d 635 (Fed. Cir. 2015) ....................11

*Zimmer Biomet Holdings, Inc.* v. *Insall*,
108 F.4th 512 (7th Cir. 2024) ....................6, 15

**Statutes**

28 U.S.C. § 1331 .......... 5

**Other Authorities**

UNITED STATES COURTS, U.S. COURT OF APPEALS – JUDICIAL BUSINESS 2024, available at https://www.uscourts.gov/data-news/reports/statistical-reports/judicial-business-united-states-courts/judicial-business-2024/us-courts-appeals-judicial-business-2024 .......... 2

Pursuant to the Court's June 6, 2025 Order (ECF No. 66 ("Order")), Plaintiff-Appellee Acorda Therapeutics Inc. ("Acorda") submits its Second Supplemental Brief on the issue of the Court's jurisdiction to hear this appeal.

## I. INTRODUCTION

Alkermes PLC's ("Alkermes") initial brief advocates that the Court reject its precedent in favor of a misreading of a Fourth Circuit decision, and invoke one of two inflexible bright-line rules—either the Court should (1) *never* exercise jurisdiction over appeals seeking to vacate or modify an arbitral decision for manifest disregard of clear law or, alternatively, (2) *never* exercise jurisdiction over any arbitration claim "premised on *Brulotte*." (ECF No. 68 ("Alkermes Br.") at 1-2.) In contrast, Acorda asks the Court to do nothing more than follow its own decisions and Supreme Court precedent which provide workable and effective guidance, and exercise its jurisdiction where, as here, the appeal requires resolution of substantial questions of patent law.

As shown in Acorda's first supplemental brief, the "substantial question" standard—initially set forth in *Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), and later clarified in *Gunn* v. *Minton*, 568 U.S. 251 (2013)—has proven "sound and workable." Relying on this standard and precedent, there are several factors that support declining jurisdiction over "run of the mill" cases—including certain arbitration appeals. These factors include whether the case

(i) raises a pure question of patent law in the petition; (ii) has implications for the patent system as a whole; (iii) addresses a district court patent law precedent that may be cited by others; (iv) creates the specter of inconsistent judgments and lack of uniformity; or (v) requires resolution of state law. Alkermes's submission neither compels nor warrants a new rule that is impossible to reconcile with Court precedent.

Respectfully, the Court should exercise jurisdiction over Acorda's appeal because the Petition raised two substantial (and purely legal) questions of patent law this Court should hear to confirm the established consequences of patent expiration, correct an erroneous district court precedent, and further a uniform rule of patent law: (i) whether *Brulotte* and *Kimble* established a "clear[]" legal principle that *all* post-expiration royalties must be disgorged and (ii) whether it is clear that a tribunal may not apply "a state law doctrine to override clearly governing federal law"—in other words, whether a clear legal principle establishes that state law cannot "preempt federal law and public policy." Appx112-13, Appx115, Appx117.

Acorda respectfully submits that this Court need look no further than criterion identified in its prior decisions and Supreme Court precedent to provide a "reliabl[e]," but not "complex[,] jurisdictional test" that is mindful of the Court's ever-increasing docket.[1] (*See* Alkermes Br. at 4, 12-13.) Under this Court's

---

[1] *See, e.g.*, UNITED STATES COURTS, *U.S. Court of Appeals – Judicial Business 2024*, https://www.uscourts.gov/data-news/reports/statistical-reports/judicial-business-united-states-courts/judicial-business-2024/us-courts-appeals-judicial-

precedent, a petition to modify an arbitral award may raise a substantial question of patent law sufficient to confer jurisdiction. And where, as here, the Petition raises substantial questions regarding the remedies available to a patentee when patent law is violated, and/or whether state law can limit that remedy—jurisdiction is proper.

## II. ARGUMENT

### A. Alkermes's Proposed Rigid Approach Conflicts With This Court's Existing Precedent.

Since *Gunn*, this Court has exercised "arising under" jurisdiction when the case requires resolution of a substantial question of patent law. Following *Gunn*, this Court explained a federal issue is likely to be substantial if (i) it is a pure issue of federal law; and (ii) it is important to the development of uniform patent laws because its resolution could "control 'numerous [similar] cases.'" *NeuroRepair, Inc.* v. *Nath L. Grp.*, 781 F.3d 1340, 1345 (Fed. Cir. 2015). Moreover, the Court explained it has jurisdiction to avoid the potential for "inconsistent judgments between a regional circuit and the Federal Circuit," and the "uncertainty" that follows. *Jang* v. *Boston Sci. Corp.*, 767 F.3d 1334, 1338 (Fed. Cir. 2014).

Relying almost entirely on a mischaracterization of the Fourth Circuit's decision in *Friedler* v. *Stifel, Nicolaus & Co., Inc.*, 108 F.4th 241 (4th Cir. 2024), Alkermes suggests the Court should reject that long-standing precedent in favor of

business-2024 ("Filings in the Federal Circuit have increased 1 percent . . . over the last five years.").

extremely limited, rigid jurisdictional lines. But instead of being "sound and workable," Alkermes's "solution" would frustrate this Court's mandate to "provide nationwide uniformity in patent law," *Bonito Boats, Inc.* v. *Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989) (internal quotations omitted), by declining review of substantial questions of patent law merely because they arise in the context of a petition to challenge an arbitral award or because they relate in some way to *Brulotte*, a decision premised on one of the most basic tenants of patent law: the temporal limitation of the patent grant.

**1. *Friedler* Does Not Support Alkermes's Rigid Rules.**

Alkermes starts by proposing that the Court adopt its interpretation of the Fourth Circuit's approach in *Friedler*, which includes a rigid rule that "'a claim of manifest disregard of federal law' in a Federal Arbitration Act ('FAA') petition 'doesn't present a federal question' for purposes of arising under jurisdiction." (Alkermes Br. at 1-2.) In short, Alkermes claims manifest disregard cases never have, and never do, invoke "substantial" questions of federal law. But the *Friedler* opinion as a whole supports Acorda's substantial question approach by acknowledging that certain manifest disregard issues arising from arbitration may arise under federal law and "support jurisdiction." *Friedler*, 108 F.4th at 247.

As the Fourth Circuit acknowledged, a claim of manifest disregard asks a simple question: "whether there is 'binding precedent requiring a contrary

result,' . . . that the arbitrator was aware of, understood correctly, found applicable to the case, and yet chose to ignore." *Id.* at 246-47. But the nature of that binding precedent, and its relationship to federal law, was not at issue in *Friedler*. Instead, the Fourth Circuit's analysis acknowledged "the fact-intensive nature of the parties' dispute," and concluded that, at its core, the petition sought "no more than a contractual resolution." *Id.* Because the Petition "did not implicate the merits of the federal questions" presented or "otherwise assert an independent basis for jurisdiction," the court determined it lacked jurisdiction to hear the appeal. *Design Gaps, Inc.* v. *Shelter, LLC*, 130 F.4th 143, 147 (4th Cir. 2025) (discussing *Friedler*).

Alkermes has thus mischaracterized *Friedler* by claiming that it sets forth a rigid rule. While ultimately finding that *Friedler* did not present a substantial question of federal law, the Fourth Circuit acknowledged that a substantial federal question *could* arise in the arbitration context where the case involves "'a pure issue of law, rather than [a] fact-bound and situation-specific'" analysis. *Friedler*, 108 F.4th at 247. Thus *Friedler* followed precedent, and does not hold "that § 1331 is a dead letter as a basis for jurisdiction over petitions to vacate arbitration awards" because questions of federal law "beyond the FAA" can "support jurisdiction." *Id.*[2]

[2] The Fourth Circuit in *Design Gaps* later expressed confusion regarding *Friedler*, asking "what suffices to 'entitle[] the applicant to relief' and support jurisdiction" post-*Badgerow* and *Friedler* if "§ 1331 is not 'a dead letter.'" 130 F.4th at 148, n.6. Though the court concluded it lacked jurisdiction, it emphasized, "[t]he contours of what supports federal jurisdiction for petitions to vacate will have to be

Alkermes suggests *Friedler* "follow[s]" *Badgerow* v. *Walters*, 596 U.S. 1 (2022), but *Badgerow* never announced the rigid rule Alkermes purports to find in *Friedler*. As explained in Acorda's opening brief, *Badgerow* simply made clear that courts should assess federal jurisdiction over an arbitral decision on the "face of the application [to confirm or vacate]" and not "look-through" to the underlying arbitration. *Badgerow*, 596 U.S. at 9. 12. Thus, far from the rule Alkermes advocates, *Badgerow* confirmed arbitration cases *can* raise substantial questions of federal law—otherwise, assessment of the petition would not be necessary.

Alkermes points to no other authority to support the rigid rule it proposes as an allegedly "sound and workable distinction."[3] (*See* Order at 2.) Nor can it. Post-

---

defined in future cases." *Id.* If the Fourth Circuit itself cannot determine how *Friedler* applies, this Court should decline to follow in its footsteps.

[3] Alkermes correctly notes the First Circuit concluded "a claim of manifest disregard cannot provide federal question jurisdiction," but provides only half of the First Circuit's analysis. (Alkermes Br. at 6, n.2.) The First Circuit explained the FAA *alone* "does not create a basis for federal question jurisdiction," so it must take an "alternative" approach to jurisdiction—there, the look-through approach—because "Congress cannot have intended jurisdiction over" FAA petitions to modify or vacate "*only to exist in diversity or . . . admiralty*." *Ortiz-Espinosa* v. *BBVA Sec. of P.R., Inc.*, 852 F.3d 36, 46-47 (1st Cir. 2017) (emphasis added). Contrary to Alkermes's suggestion (Alkermes Br. at 5-6), the court did not foreclose the possibility that arbitral awards may raise a "substantial" federal question. Exercising jurisdiction would also not "directly conflict with" *Zimmer Biomet Holdings, Inc.* v. *Insall*, 108 F.4th 512 (7th Cir. 2024). (*Id.* at 3.) Alkermes itself admits "*Zimmer . . .* has nothing to say about the application of *Brulotte*" (ECF No. 48 at 1), which is the very reason the regional circuit had jurisdiction. Here, the district court plainly made assertions "about the application of *Brulotte*" that this Court may review.

*Badgerow*, courts, including the Second Circuit, look to the district court petition for jurisdiction and do not mechanically foreclose the exercise of jurisdiction over motions to vacate, modify, or confirm arbitral awards. *See, e.g.*, *Tr. of N.Y. State Nurses Ass'n. Pension Plan* v. *White Oak Glob. Advisors, LLC*, 102 F.4th 572, 595 (2d Cir. 2024) (complaint set forth basis for federal jurisdiction).[4]

Moreover, adopting Alkermes's interpretation of *Friedler* directly conflicts with this Court's pre-*Badgerow* decisions. This Court has exercised jurisdiction over cases originating in arbitration and has never held it lacks jurisdiction over issues of patent law when presented from arbitrations for *de novo* review. *See Flex-Foot, Inc.* v. *CRP, Inc.*, 238 F.3d 1362, 1364 (Fed. Cir. 2001) (exercising jurisdiction over district court decision confirming an arbitral award); *Bayer CropScience AG* v. *Dow Agrosciences LLC*, 680 F. App'x 985, 991 (Fed. Cir. 2017) (nonprecedential) (same; stating patent law questions under *Brulotte* were "necessar[y]" to relief and "substantial"). There is no reason for this Court to now depart from either its own precedent or the post-*Badgerow* approach adopted by the regional circuits.

---

[4] *See also Kinsella* v. *Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1101 (7th Cir. 2023) (jurisdiction where underlying claim arose under federal law); *Ascension Data & Analytics, LLC.* v. *Pairprep, Inc.*, 105 F.4th 749, 755 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 595, 220 L. Ed. 2d 232 (2024) (no jurisdiction where petition did not raise "an independent" jurisdictional basis); *Hursh* v. *DST Sys., Inc.*, 54 F.4th 561, 564 (8th Cir. 2022) (same); *Tesla Motors, Inc.* v. *Balan*, 134 F.4th 558, 560 (9th Cir. 2025) (no jurisdiction where "complaint" failed to "include an averment under federal law *other than*" the FAA).

### 2. Adopting Alkermes's Alternate, Never-*Brulotte* Rule Would Result in a Fragmented Body of Patent Law, Rather Than the Uniform Laws This Court Was Established to Promote.

As an alternative, Alkermes suggests that the Court may adopt an inflexible jurisdictional rule that "resolution of an FAA claim premised on *Brulotte* does not raise a substantial federal question." (Alkermes Br. at 2; *id.* at 8-9.) Acorda does not dispute that "'the enforceability of [a] royalty obligation under *Brulotte*'" generally does not raise a substantial question of patent law, nor does it disagree that a substantial question is unlikely to be raised when "'the result'" of resolving the *Brulotte* issue "'is limited to the parties and their particular contractual dispute.'" (*See id.* at 9.) But this does not mean disputes premised on *Brulotte* can *never* raise a substantial question of patent law, particularly when, as here, the district court proceedings result in an erroneous precedent and construction of patent law that will inevitably lead to conflicting results about the consequences of patent expiration.

This case is poised for this Court's review in that the Petition raises only substantial questions of patent law. Acorda's Petition set forth clear questions regarding *Brulotte*'s preemptive effect over state law and what remedies must result from a *Brulotte* violation—two issues that, if decided by the regional circuits, would result in "serious uncertainty" in the patent system. *See Jang*, 767 F.3d at 1338. These questions are not limited to the parties or their contractual dispute. In fact, all contractual questions were resolved by the Tribunal and are not disputed here.

Thus, this case is not about the enforceability of royalty obligations under, or "the scope of[,] *Brulotte*." (*See* Alkermes Br. at 9.) Acorda's appeal turns on pure legal questions this Court regularly addresses and does not require "*ad hoc*, case-by-case assessments of [] importance." (*See id.* at 8.) Alkermes's attempt to avoid jurisdiction by suggesting the only relevant analysis is "whether the arbitrators 'chose to ignore' clearly presented and unambiguously applicable 'binding precedent'" is wrong. (*See id.* at 5.) Whether an arbitrator ignored "clearly presented and unambiguously applicable" precedent requires more than a "'superficial review of federal law,'" *see id.*, because no court can assess whether there was manifest disregard of the law without first assessing what that law *is*. To promote a uniform application of the patent laws, only this Court is equipped to determine what remedies *Brulotte* requires and whether *Brulotte* preempts state law.

a. *Brulotte*'s Right to Restitution Is a Substantial Question.

Acorda's right to relief in this appeal "necessarily depends on resolution of a substantial question of federal patent law"—whether *Brulotte* clearly requires full restitution for royalties paid post-expiration. *Christianson* v. *Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). The "answer[] to" that is a "federal question[] . . . derived from the patent laws and the policies which they adopt." *Scott Paper Co.* v. *Marcalus Mfg. Co.*, 326 U.S. 249, 255 (1945).

Contrary to Alkermes's attempt to rewrite the record (*see* Alkermes Br. at 10),

Acorda argued before both the Tribunal and in the district court that *Brulotte* provides a right to full restitution. Acorda argued to the Tribunal that under *Brulotte* "*all* post-patent expiry payments are unlawful *per se* and Alkermes should return them . . ., otherwise Alkermes will have benefited from the enforcement of an unlawful provision . . . in clear violation of public policy." Appx297. Acorda also argued that "[a]s a matter of law, *Brulotte* and *Kimble* preclude the assessment of royalties on an expired patent." Appx637.

In its Petition, Acorda asked the district court to "modify the Award" to "rectify that portion . . . in which the Tribunal manifestly disregarded applicable law" by awarding Acorda full restitution—*i.e.*, allowing recovery of *all* royalties paid post-expiration, regardless of the date of Acorda's formal protest. Appx93; *see also* Appx92 ("[T]he Tribunal manifestly disregarded the law by denying Acorda damages resulting from Alkermes's illegal leveraging of its expired patent to obtain royalties beyond the life of the '938 Patent."). Acorda repeated those arguments more fully in its accompanying memorandum. *See, e.g.*, Appx112-115.

Acorda now asks this Court to affirm a bedrock principle of the federal patent system that "all patents, and all benefits from them, must end when their terms expire" including retention of royalties that were illegal to "receiv[e]." *Kimble* v. *Marvel Entm't*, 576 U.S. 446,463. 450 (2015). The "assessment and *retention* of post-expiration royalties is an affront" to that principle, Appx298, and so whether

*Brulotte* clearly confers a right to restitution (it does) has "considerable significance beyond the current case." *Vermont* v. *MPHJ Tech. Invs.*, 803 F.3d 635, 646 (Fed. Cir. 2015). Indeed, any decision as to *Brulotte*'s principles and remedies will determine how *Brulotte* cases are litigated in the future, including what claims or defenses are permitted by the patent laws, and how parties structure their licensing relationships. Allowing the regional circuits to define those remedies and structures would encourage patent owners to forum shop to take advantage of potentially different limitations on the temporal scope of their patent monopolies.

b. Whether Federal Patent Law Preempts State Law is a Substantial Question.

Acorda's Petition also alleged *Brulotte* preempts state law limitations on restitution, a question that falls squarely within this Court's jurisdiction. *See id.*; *Suppes* v. *Katti*, 710 F. App'x 883, 887 (Fed. Cir. 2017) (nonprecedential).

Contrary to Alkermes's claims (Alkermes Br. at 11), Acorda raised preemption before both the Tribunal and the district court. Acorda first raised preemption with the Tribunal on summary judgment when it argued, "[a]s a matter of law, *Brulotte* and *Kimble* preclude the assessment of royalties on an expired patent," Appx637, and that "a contract calling for the payment of patent royalties after the expiration of the licensed patent . . . is *per se* unenforceable under the Supremacy Clause[.]" Appx635; *see also* Appx252 ("*Brulotte* and *Kimble* render the [post-expiration] payment . . . unenforceable as a matter of public policy"). Acorda

thus repeatedly argued the preemptive effect of *Brulotte* and *Kimble*, and articulated that the denial of full restitution "stand[s] in violation of public policy" established by *Brulotte*. *See* Appx252, Appx308, Appx635, Appx637. Acorda repeated those arguments to the district court, arguing the Tribunal "allowed [state law] to breathe new life into an expired patent that federal law rendered unenforceable" in "manifest disregard of the Supremacy Clause and the Supreme Court's well-established preemption jurisprudence." Appx119. Acorda's Petition asking the court to address *Brulotte*'s preemptive effect thus provides a basis for this Court's jurisdiction.

### B. The Court Can Rely on Existing Precedent to Exercise Jurisdiction Over This Appeal.

As Acorda argued in its opening brief, "the touchstone for 'substantiality' is whether allowing state courts to resolve the case would undermine 'the development of a uniform body of [patent] law.'" *Inspired Dev. Grp., LLC* v. *Inspired Prods. Grp., LLC.*, 938 F.3d 1355, 1364 (Fed. Cir. 2019). Allowing regional circuits to dictate *Brulotte*'s remedies and preemptive effect undermines that uniformity. Based on this Court's precedent, there are at least five factors that this Court has, and should, consider in deciding whether a case requires resolution of a substantial question of patent law. In deciding whether to exercise jurisdiction, the Court should consider whether (i) appellant raised a pure question of patent law in its district court petition; (ii) the issue raised has implications for the patent system as a whole; (iii) the case includes a district court precedent that may be used by others; (iv) the

result creates the specter of inconsistent determinations and lack of uniformity; and (v) the dispute requires resolution of state law. (*See* ECF No. 69 at 1-2, 8.)

Moreover, as described in Acorda's prior briefing, an arbitral award that "violate[s] 'some explicit public policy' that is 'well defined and dominant'" should be rejected without affording deference to the Tribunal under the manifest disregard standard. *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 43 (1987); *see also DiRussa* v. *Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir. 1997) (manifest disregard permits modification of arbitral award).

Far from raising the "public policy" exception for the "first" time in its reply brief (Alkermes Br. at 2, n.1), Acorda has repeatedly argued the point. In its Petition, Acorda sought modification of the Award, which "gave effect to unlawful agreements . . . *in violation of public policy and [is] unenforceable as a matter of law under long-standing and binding Supreme Court precedent.*" Appx92 (emphasis added). In arguing that "the Tribunal . . . allowed state law to preempt federal law and public policy," Appx115, Acorda "fairly put" the district court "on notice as to the substance of" its claims. *Medtronic, Inc.* v. *Teleflex Innovations S.À.R.L.*, 68 F.4th 1298, 1305 (Fed. Cir. 2023).

### C. Exercising Jurisdiction Here Is Neither Complex Nor Will It Open the Court to Every FAA Arbitration Case.

Alkermes criticizes Acorda's approach as too "complex" (Alkermes Br. at 12-13), but it is not. Acorda's approach is both "sound and workable" in that it asks

only that the Court continue to exercise its jurisdiction over cases that give rise to federal jurisdiction under *Grable* and *Gunn*. This is a standard that this Court has applied and neither deemed "unworkable" nor criticized as "inevitably lead[ing] to costly and inefficient disputes over jurisdiction." (*See* Alkermes Br. at 4.)

Despite Alkermes' cursory "slippery slope" arguments, it makes no showing that the exercise of jurisdiction over this appeal—which invokes substantial patent questions regarding preemption and patent duration—would "substantially expand the scope of this Court's jurisdiction." (*Id.* at 9.) Even if some parties would "style their petitions to invoke this Court's exclusive jurisdiction" (*id.* at 10), the Court need only follow existing precedent to transfer those cases as appropriate.

Exercising jurisdiction over Acorda's appeal will not automatically "trigger this Court's jurisdiction" over cases "claiming that [an arbitral] award conflicts with federal patent policy in some way" or that "the arbitrator's resolution of the patent-law merits . . . is manifestly wrong." (*See id.* at 11.) Indeed, the "logical stopping point" is whether the case invokes a substantial question under *Gunn*, not whether the applicant "merely . . . claim[s] that the award conflicts with federal patent policy in some way." (*See id.*) Acorda has never taken the position that *any* case involving *Brulotte* is sufficient to invoke the Court's jurisdiction and it does not do so now.

As set forth in Acorda's Rule 28(j) letters and its opening brief, regional circuits properly "decid[e] questions about *Brulotte*'s scope and application" that do

not raise substantial questions of federal patent law. (*Id.* at 2.) In many cases, the "royalty payments in question were *not* grounded in any patent rights," *see Zimmer*, 108 F.4th at 520, or *Brulotte* was "not implicated," *Ares Trading S.A.* v. *Dyax Corp.*, 114 F.4th 123, 143 (3d Cir. 2024). It is therefore reasonable for the regional circuits to retain jurisdiction because the consequences are necessarily limited to the parties and involve state law determinations. But this is not one of those cases. Where, as here, resolution of the federal questions impacts the patent law system as a whole, this Court can and, respectfully should, exercise its jurisdiction.

## III. CONCLUSION

For the foregoing reasons, and those set out in Acorda's prior briefs, Acorda respectfully asks this Court to exercise jurisdiction over this appeal.

Dated: New York, New York
June 27, 2025

*/s/ Garrard R. Beeney*
Garrard R. Beeney
Stephen J. Elliott
Morgan R. Knudtsen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Brittany S. Bruns
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500

*Attorneys for Petitioner-Appellant Acorda Therapeutics, Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the requirements set out in the Court's Order, dated June 6, 2025, because excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 27(d), it is not more than 15 pages in length. It complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point Times New Roman, a proportionally spaced typeface.

Dated: New York, New York
June 27, 2025

*/s/ Garrard R. Beeney*
Garrard R. Beeney